# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN RAY BRUMMETT, JR., | Case No. 1:21-cv-00086-DAD-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| LOPEZ, *et al.*, | (ECF No. 17) |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Melvin Ray Brummett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint was screened, and Plaintiff was granted leave to amend. Plaintiff first amended complaint, filed on August 19, 2021, is before the Court for screening. (Doc. 17.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at California Substance Abuse Facility ("SATF"), where the allegations in the complaint occurred.  Plaintiff names the following as defendants: (1) Anthony Martinez, (M&SS-1) Laundry Supervisor, (2) Leonard Chavez, (M&SS-1) Laundry Supervisor. They are sued in their individual and official capacities.

Plaintiff alleges he was retaliated against for exercising his constitutional rights under the First and Fourteenth Amendments to file prison grievances.  On about May 18, 2020, Defendant Martinez informed two other inmates, Sloan and Moore, who worked with Plaintiff in the F-Facility laundry that Plaintiff had "snitched on inmate Sloan for stealing new clothing."  Inmate Moore told Plaintiff that Martinez had informed Moore and Sloan that Plaintiff had snitched. Inmate Sloan told Plaintiff that Martinez had told him that Plaintiff had snitched on him.  This confrontation lead to an altercation between both inmate Sloan and Plaintiff.  Plaintiff confronted Martinez for calling Plaintiff a snitch to Moore and Sloan, and Martinez said that he did it to get rid of Plaintiff.  Plaintiff says he would not have snitched because Martinez does not hold workers accountable for stolen laundry.

Plaintiff told Defendant Martinez that Plaintiff was going to write Martinez up for having put a snitch jacket on Plaintiff.  Martinez told Plaintiff that if he wrote him up, Martinez would

2

have him removed from his job assignment.

On June 1, 2020, Plaintiff submitted the grievance against Martinez and wrote the warden about what happened.  On June 11, 2020, Plaintiff was removed in retaliation from his job assignment in the laundry for having filed a grievance against Defendant Martinez. Plaintiff was removed from his job for having submitted a grievance against Martinez.

On June 12, 2020, Plaintiff was interviewed by acting supervisor L. Chavez.  Chavez said that he had reprimanded Martinez, and had informed him of the seriousness of putting the snitch jacket on an inmate.  Plaintiff would not sign off on the grievance because he had been removed from his job.  Chavez tried to remove Plaintiff from the job because Chavez said Plaintiff had been in the job for two years, which was wrong.  Defendant Chavez asked Plaintiff what did Plaintiff think was going to happen when Plaintiff wrote up Martinez.  Chavez failed to correct the violations by Martinez.

On June 21, 2020, Plaintiff submitted a grievance for having been removed from his job assignment in retaliation for submitting a grievance against Defendant Martinez.  Plaintiff asked Defendant Martinez why Plaintiff was removed from his job assignment.  Martinez told Plaintiff that it was because of Plaintiff having submitted a staff complaint, which made Plaintiff a serious liability.

Defendant Martinez, by labeling Plaintiff a snitch, placed Plaintiff in excessive risk of harm.  Martinez disclosed information that made accusations about Plaintiff that lead another inmate to try and attack Plaintiff.  Defendant Martinez told inmates Moore and Sloan that Plaintiff had snitched on inmate Sloan.  This served no purpose other than to try and cause excessive physical harm to Plaintiff by having him targeted.  Martinez knew that by labelling Plaintiff as snitch it would place Plaintiff at an excessive risk of physical harm.

Aa remedies, Plaintiff seeks compensatory and punitive damages.

**III.     Discussion**

**A.  First Amendment - Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Silva v. Di Vittorio*, 658 F.3d 1090,

1104 (9th Cir. 2011); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F. 2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Liberally construing the allegations in the first amended complaint, Plaintiff states a cognizable claim for retaliation against Defendant Martinez.

Plaintiff fails to state a cognizable retaliation claim against Defendant Chavez. Although Plaintiff contends that he was subjected to retaliation by Defendant Martinez, Plaintiff's allegations are insufficient to demonstrate any "adverse action" by Defendant Chavez that chilled Plaintiff's First Amendment rights and that did not reasonably advance a legitimate correctional goal. Plaintiff alleges that Defendant Chavez knew of the adverse action and failed to correct it. Plaintiff's conclusory allegations are insufficient. Plaintiff also alleges Defendant Chavez reprimanded Defendant Martinez and does not allege that Defendant Chavez was in a position to be able to correct the job reassignment. Plaintiff alleges Defendant Chavez told him he lost his job as part of normal rotation. *See Taylor v. List*, 880 F.2d at 1045 (9th Cir. 1989) (holding there is no respondeat superior liability under § 1983 and a supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations). Despite being provided relevant pleading and legal standards, Plaintiff has been unable to cure this deficiency.

**B. Eighth Amendment – Risk of Harm from being called a Snitch**

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993); *Farmer v. Brennan*, 511 U.S. 825,

832 (1994). The Eighth Amendment "... embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. *See Farmer*, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." *See id*.

The Ninth Circuit has recognized that labeling an inmate a "snitch" can pose such a substantial risk of serious harm from other inmates that it may support an Eighth Amendment claim. *See Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989). However, in order to demonstrate that Defendant Martinez was aware that his actions exposed Plaintiff to a substantial risk of serious harm, Plaintiff must allege facts demonstrating that he was either physically harmed or was threatened with physical harm because of the "snitch" label. See *Morgan v. MacDonald*, 41 F.3d 1291, 1294 (9th Cir. 1994); *Green v. Chamberlain*, 2019 WL 3302346, at *7 (E.D. Cal. Jul. 22, 2019).

Plaintiff alleges he was confronted by the inmate or had an altercation with the inmate who learned from Defendant Martinez that Plaintiff was a snitch.  Liberally construing the allegations in the first amended complaint, Plaintiff states a cognizable Eighth Amendment claim against Defendant Martinez for deliberate indifference to risk of harm to Plaintiff.

### C. Job Assignment

Plaintiff alleges that he lost his preferred prison job in retaliation for filing grievances and court cases. Plaintiff does not have a liberty interest in his prison job, *Sandin*, 515 U.S. at 484, nor does Plaintiff have a property interest in his prison job, *see Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997); *Rizzo*, 778 F.2d at 531. Because Plaintiff has neither a liberty interest nor a

property interest in his prison job, Plaintiff was not entitled to any procedural due process protections in conjunction with the loss of his job. Accordingly, Plaintiff's allegations fail to give rise to a cognizable claim for relief under section 1983 for violation of the Due Process Clause based on his job loss.

### D. Eleventh Amendment Immunity

Plaintiff has sued each of the defendants in their official capacities. A suit against a public employee in his official capacity is equivalent to a claim against the employer, *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Center for Bio-Ethical Reform, Inc. v. Los Angeles Cty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008), cert. denied, 555 U.S. 1098 (2009). "Suits against state officials in their official capacity ... should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1111 (9th Cir. 2010) (treating prisoner's suit against state officials in their official capacities as a suit against the state of California).

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override...." *Dittman v. California,* 191 F.3d 1020, 1025 (9th Cir. 1999). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court...." *Dittman,* 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see also Brown v. Cal. Dep't. of Corrs.,* 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity).

To the extent that Plaintiff seeks damages from Defendants in their official capacities, the Eleventh Amendment bars Plaintiff's suit. *See Mitchell v. Washington*, 818 F.3d 436, 441 (9th Cir. 2016).

///

**IV.     Conclusion and Recommendation**

Based on the above, the Court finds that Plaintiff's first amended complaint states a cognizable First Amendment claim for retaliation against Defendant Martinez and a cognizable Eighth Amendment claim against Defendant Martinez for deliberate indifference to risk of harm to Plaintiff. However, Plaintiff's complaint fails to state any other cognizable claims for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the remaining deficiencies and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed August 19, 2021, (Doc. 17), on the First Amendment claim for retaliation against Defendant Martinez and on the Eighth Amendment claim against Defendant Martinez for deliberate indifference to risk of harm to Plaintiff; and

2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 23, 2021**           /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

7