# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN RAY BRUMMETT, JR.,<br><br>Plaintiff,<br><br>v.<br><br>LOPEZ, *et al.*,<br><br>Defendants. | Case No. 1:21-cv-00086-DAD-BAM (PC)<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO CALIFORNIA ATTORNEY GENERAL'S OFFICE REPRESENTATION OF DEFENDANT AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 32) |

Plaintiff Melvin Ray Brummett, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Martinez for retaliation in violation of the First Amendment and deliberate indifference to risk of harm in violation of the Eighth Amendment.

Currently before the Court is Plaintiff's filing, titled "Objections to the California Attorney General's Office Representation of the Defendant A. Martinez due to the fact that it is a conflict of interest and breach of fiduciary duty by the State of California," filed December 9, 2021. (ECF No. 32.) In this filing, Plaintiff objects to the Attorney General's representation of Defendant, arguing that it is a conflict of interest because Plaintiff is in the custody of CDCR and therefore owed a fiduciary duty from the State of California and CDCR. Plaintiff argues that the Court must declare a conflict of interest and a breach of fiduciary duty, and order that either Defendant's union represent him or that he provide for his own representation. Plaintiff also

argues that the Court should order that the Attorney General represent Plaintiff.  (*Id.*)

Defendant has not had an opportunity to file a response, but the Court finds a response unnecessary.  The filing, to the extent it is construed as a motion, is deemed submitted.  Local Rule 230(l).

The Court finds no merit to Plaintiff's arguments that a conflict of interest or breach of fiduciary duty exists due to the Attorney General's representation of Defendant in this action, or to the claim that the Attorney General should instead represent Plaintiff.  Plaintiff cites to no relevant cases or law, aside from general definitions of fiduciary duty or conflict of interest, indicating that the Attorney General cannot represent Defendant or that Plaintiff is entitled to representation from the Attorney General.  The Court is also not aware of any such authority.  The objections are therefore overruled.

To the extent Plaintiff is seeking an order from the Court appointing him counsel—whether from the Attorney General's Office or private counsel—Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed by prisoners who are proceeding *pro se* and *in forma*

*pauperis* almost daily. These prisoners also must litigate without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although the Court has screened the complaint and found that Plaintiff has stated a cognizable claim, that alone does not indicate a likelihood of success on the merits. Finally, based on a review of the brief record in this case, the Court finds that Plaintiff can adequately articulate his claims.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's objections to the Attorney General's representation of Defendant, (ECF No. 32), is OVERRULED; and
2. Plaintiff's motion to appoint counsel, (ECF No. 32), is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **December 14, 2021**      /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE