# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN RAY BRUMMETT, JR., | Case No. 1:21-cv-00086-DAD-BAM (PC) |
| Plaintiff, | ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S ORDER GRANTING DEFENDANTS' MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER |
| v. | |
| LOPEZ, *et al.*, | |
| Defendants. | (ECF No. 40) |

Plaintiff Melvin Ray Brummett, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Martinez for retaliation in violation of the First Amendment and deliberate indifference to risk of harm in violation of the Eighth Amendment.

On April 4, 2022, Defendant filed a motion to modify the discovery and scheduling order to extend the deadline for Defendant's motion for summary judgment for failure to exhaust administrative remedies and to extend all other deadlines by 60 days. (ECF No. 38.) Finding that a response was not necessary, the Court deemed the motion submitted and granted the motion on April 5, 2022. (ECF No. 39.) The Court found good cause to grant the requested modification and ordered that the exhaustion motion deadline and all other deadlines be extended. The Court further found that Plaintiff would not be prejudiced by the extension, as it would allow the Court to address the potential issue of exhaustion before reaching the merits of Plaintiff's claims, if

applicable. (*Id.*)

Currently before the Court are Plaintiff's objections to the Court's order granting Defendant's motion, filed April 15, 2022. (ECF No. 40.) Plaintiff argues that Defendant has demonstrated a complete lack of due diligence because he submitted an answer on or about January 21, 2021, giving him approximately 15 months to obtain Plaintiff's Level III Appeals Printouts. Furthermore, Defendant opted out of alternative dispute resolution on or about December 30, 2021, giving him and his attorney approximately 100 days to obtain said records. Plaintiff also argues that had the Court given him a chance to respond to Defendant's motion, Plaintiff would have put forth undisputed evidence that any motion based on his failure to exhaust administrative remedies would have been frivolous and without merit. Plaintiff attaches what he alleges are true and correct copies of both his exhausted appeal and his staff complaint as Exhibits A and B. Finally, Plaintiff contends that the requested extension will significantly impact the progress of this case and further prejudice Plaintiff, and the undersigned's refusal to give Plaintiff time to make the above objections violates Plaintiff's right to due process. (*Id.*)

The Court finds Plaintiff's objections unpersuasive. As stated in the Court's April 5, 2022 order granting Defendant's motion, the Court found that Defendant presented good cause for the requested extension. (ECF No. 39.) The Court notes that Defendant did not file an answer until December 2, 2021, and therefore had approximately four months, rather than fifteen months, in which to acquire the necessary documents. After the assignment of new counsel, additional time was necessary to obtain the printout, review Plaintiff's case file, and prepare a motion for summary judgment. As previously stated, extension of these deadlines will allow the court to address the potential issue of exhaustion before reaching the merits of Plaintiff's claims.

Though Plaintiff argues that any motion contesting his exhaustion of administrative remedies would be frivolous and without merit, Defendant may well disagree. Resolution of that issue is the purpose of a motion for summary judgment regarding the issue of exhaustion, not a motion to modify a scheduling order. Plaintiff is free to argue that he completely exhausted his administrative remedies in response to a motion for summary judgment, including any relevant exhibits.

2

Having considered the objections, the Court finds that extension of the exhaustion motion deadline, and the remaining deadlines in the discovery and scheduling order, was appropriate.

Furthermore, the Court notes that the merits of Plaintiff's objections have been addressed here as a one-time exception, but unless expressly permitted by the Court's Local Rules, Plaintiff does not have the right to object to a ruling by the Court. *See, e.g.,* Local Rule 230 (b)-(d) (providing for a motion, opposition, reply), Local Rule 230 (g) (a motion may be submitted on the record and briefs on file if the Court so orders), Local Rule 304 (permitting objections to findings and recommendations submitted to the District Judge).

Accordingly, Plaintiff's objections to the order granting Defendant's motion to modify the discovery and scheduling order, (ECF No. 40), are HEREBY OVERRULED.

IT IS SO ORDERED.

Dated:   **April 19, 2022**          /s/ Barbara A. McAuliffe            
                                    UNITED STATES MAGISTRATE JUDGE