# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN RAY BRUMMETT, JR.,<br><br>Plaintiff,<br><br>v.<br><br>LOPEZ, *et al.*,<br><br>Defendants. | Case No. 1:21-cv-00086-DAD-BAM (PC)<br><br>ORDER DISREGARDING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME TO COMPLY WITH ORDER DIRECTING PARTIES TO MEET AND CONFER AND DENYING PLAINTIFF'S REQUEST FOR RULING ON MOTION TO COMPEL<br><br>(ECF No. 54) |

    Plaintiff Melvin Ray Brummett, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendant Martinez for retaliation in violation of the First Amendment and deliberate indifference to risk of harm in violation of the Eighth Amendment.

    On October 24, 2022, Plaintiff filed a motion to compel discovery.  (ECF No. 49.)  The Court stayed briefing on the motion to compel and directed the parties to meet and confer and file a joint statement within thirty (30) days.  (ECF No. 50.)  On October 28, 2022, Plaintiff filed a motion to enforce answers to interrogatories, which the Court construed as a second motion to compel.  (ECF No. 51.)  On November 17, 2022, the Court found good cause to grant Defendant's motion for a 21-day extension of time to comply with the Court's order directing the parties to meet and confer, further finding that extension of these deadlines would permit the

parties to discuss Plaintiff's second motion to compel, conserving the resources of the parties and the Court. (ECF No. 53.)

Currently before the Court are Plaintiff's objections to Defendant's request to extend time to comply with the Court's order and a request for a ruling on Plaintiff's motion to compel discovery, filed November 29, 2022. (ECF No. 54.) Plaintiff argues that granting Defendant's request would leave only approximately 36 days to settle the discovery dispute and to submit a motion for summary judgment, assuming the parties are able to resolve the dispute. Plaintiff contends that this request essentially amounts to another request to extend the discovery and scheduling order, and should therefore be denied. Plaintiff further requests that the Court issue an order on all issues raised in his motion to compel. (*Id.*)

Defendant has not yet had an opportunity to respond, but the Court finds a response unnecessary. The objections and request for ruling are deemed submitted.

Plaintiff's objections are disregarded. As Plaintiff was informed when the Court addressed his prior objections to the Court's April 20, 2022 order granting Defendant's motion to modify the discovery and scheduling order, unless expressly permitted by the Court's Local Rules, Plaintiff does not have the right to object to a ruling by the Court. *See, e.g.* Local Rule 304 (permitting objections to findings and recommendations submitted to the District Judge). The Court addressed those objections as a one-time exception, and declines to make a further exception here. If Plaintiff files further objections not expressly permitted by the Federal Rules of Civil Procedure or the Court's Local Rules, the Court may disregard them without issuing a written order.

Plaintiff's request for a ruling on his motion to compel is denied, without prejudice. Pursuant to the Court's October 26, 2022 order directing the parties to meet and confer, briefing on Plaintiff's October 24, 2022 motion to compel has been stayed pending the parties' conference. (ECF No. 50.) Briefing on Plaintiff's second motion to compel is also stayed pending the parties' conference. (ECF No. 53.) Defendant has not yet had the opportunity to respond to either motion, and therefore a ruling on either motion to compel is inappropriate at this time.

1  To the extent Plaintiff contends that this action will be further delayed and require a further extension of the dispositive motion deadline, Plaintiff is reminded that he is the party initiating the instant discovery dispute. Plaintiff has filed two motions to compel, less than two weeks before the close of discovery, yet demands that this action proceed to summary judgment without resolution of those motions. The Court has exercised its discretion to require the parties to meet and confer regarding these discovery disputes, and Defendant is further entitled to an opportunity to respond to Plaintiff's motions before the Court issues a ruling. Finally, the Court notes that resolution of any discovery disputes prior to the filing of dispositive motions will benefit all parties, as this will permit the parties to present all relevant evidence in any dispositive motion, or opposition to any dispositive motion, without further extensions of time. In the alternative, Plaintiff may file a Notice of Withdrawal of each of his motions to compel.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's objections to the order granting Defendant's motion for extension of time to comply with order directing parties to meet and confer, (ECF No. 53), are DISREGARDED; and

2. Plaintiff's request for ruling on motion to compel, (ECF No. 53), is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **November 30, 2022**                    /s/ *Barbara A. McAuliffe*
                                                 UNITED STATES MAGISTRATE JUDGE