# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN RAY BRUMMETT, JR., | Case No. 1:21-cv-00086-ADA-BAM (PC) |
| Plaintiff, | **SECOND** ORDER REGARDING DEFENDANT'S NOTICE OF LODGING DEPOSITION TRANSCRIPT |
| v. | |
| LOPEZ, *et al.*, | (ECF No. 63) |
| Defendants. | ORDER DIRECTING DEFENDANT TO REFILE NOTICE OF LODGING DOCUMENTS ELECTRONICALLY IN COMPLIANCE WITH LOCAL RULE 133(j) |
| | **SEVEN (7) DAY DEADLINE** |

Plaintiff Melvin Ray Brummett, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Martinez for retaliation in violation of the First Amendment and deliberate indifference to risk of harm in violation of the Eighth Amendment.

On January 12, 2023, Defendant filed a motion for summary judgment. (ECF No. 59.) Defendant also filed a Notice of Lodging Deposition Transcript, which included a true and correct copy of the entire transcript of the deposition taken of Plaintiff on September 16, 2022. (ECF No. 61.)

Pursuant to Local Rule 133(j), "Depositions shall not be filed through CM/ECF. . . . **Neither hard copy nor electronic copy of the entire deposition will become part of the**

**official record of the action absent order of the Court.**  Pertinent portions of the deposition intended to become part of the official record shall be submitted as exhibits in support of a motion or otherwise." L.R. 133(j) (citation omitted) (emphasis added).

As the Court had not ordered that the entire deposition transcript become part of the official record, the Court sealed Defendant's notice of lodging, (ECF No. 61), to prevent public access to the transcript.  The Court also issued an order instructing Defendant to refile the notice of lodging and to submit a courtesy copy of the deposition transcript, all in compliance with Local Rule 133(j).  (ECF No. 62.)

A courtesy copy of the deposition transcript was properly submitted to chambers by email on January 18, 2023.  However, on January 23, 2023, Defendant refiled the notice of lodging, again including the entire deposition transcript.  (ECF No. 63.)

The Court has **not** ordered that the entire deposition transcript become part of the official record, and therefore has again sealed Defendant's notice of lodging, (ECF No. 63), to prevent public access to the entire deposition transcript.  Unless Defendant contends that Plaintiff's entire deposition transcript is required to support Defendant's motion for summary judgment—an argument which has not been made to the Court—Defendant's filing again violates Local Rule 133(j).

Accordingly, IT IS HEREBY ORDERED that within **seven (7) days** from the date of service of this order, Defendant shall refile the notice of lodging of the transcript of Plaintiff's September 16, 2022 deposition, in compliance with Local Rule 133(j).  **The notice of lodging may include "pertinent portions" of the deposition intended to become part of the official record, but shall not include a copy of the entire deposition transcript.**

IT IS SO ORDERED.

Dated:  **January 24, 2023**        /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

2