1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN RAY BRUMMETT, JR., | Case No.  1:21-cv-00086-ADA-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |
| v. | |
| LOPEZ, *et al.*, | (ECF No. 74) |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Melvin Ray Brummett, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendant Martinez for retaliation in violation of the First Amendment and deliberate indifference to risk of harm in violation of the Eighth Amendment.

I.      **Plaintiff's Motion for Preliminary Injunction**

On April 24, 2023, Plaintiff filed a motion seeking a preliminary injunction or in the alternative a temporary restraining order.  (ECF No. 74.)  Defendant filed an opposition on May 15, 2023, (ECF No. 75), and Plaintiff filed a reply brief on June 5, 2023, (ECF No. 76).  The motion is deemed submitted.  Local Rule 230(l).

In his motion, Plaintiff argues that he is being targeted for transfer in retaliation for submitted grievances, staff complaints, and maintaining litigation in this Court.  (ECF No. 74.)  Specifically, Plaintiff argues that he was designated as "high risk medical" for a medical

1

condition he does not have, in order to justify the retaliatory transfer to a different institution. If he is transferred to a high risk medical institution, Plaintiff's safety would be at risk because he may be transferred a non-designated state prison facility even though he has programmed as SNY for approximately 22 years. Plaintiff therefore requests that the Court issue a preliminary injunction or temporary restraining order to prevent his transfer and to hold a show cause hearing requiring the California Department of Corrections and Rehabilitation to justify and substantiate his alleged medical condition and reasons for transfer. (*Id.*)

In opposition, Defendants argue that the Court lacks jurisdiction over the parties mentioned in Plaintiff's motion, the State Prison Classification Committee and CDCR, and the events alleged in the motion fall outside the allegations in the second amended complaint, and the motion should therefore be denied. (ECF No. 75.)

In reply, Plaintiff presents arguments regarding the merits of his classification as high risk medical, alleging violations of his due process rights and a claim of retaliation. (ECF No. 76.) Plaintiff further contends that the Court may issue a preliminary injunction because it has personal jurisdiction over Plaintiff and has subject matter jurisdiction over his claims. Further, because Plaintiff's underlying claims in this action relate to retaliation, Plaintiff seeks only for this Court to declare his constitutional rights under the First Amendment to be free from further retaliation. Plaintiff argues that the mere fact that he has three pending civil actions before this Court provides a valid legal ground for Plaintiff to have a "legal hold" placed on him in order to prevent his retaliatory transfer, because a transfer would adversely affect his ability to litigate his civil actions. (*Id.*)

## II.    Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation

1  omitted).

2         Federal courts are courts of limited jurisdiction and in considering a request for

3  preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it

4  have before it an actual case or controversy.  *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983);

5  *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S.

6  464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no

7  power to hear the matter in question.  *Id.*  Requests for prospective relief are further limited by 18

8  U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find

9  the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation

10  of the Federal right, and is the least intrusive means necessary to correct the violation of the

11  Federal right."

12         Furthermore, the pendency of this action does not give the Court jurisdiction over prison

13  officials in general.  *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v.*

14  *United States*, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties

15  in this action and to the viable legal claims upon which this action is proceeding.  *Summers*, 555

16  U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

17  **III.     Discussion**

18         Plaintiff has not met the requirements for the injunctive relief he seeks in this motion.

19  Although Plaintiff's complaint has been screened and found to state cognizable claims, this does

20  not mean that Plaintiff has shown a likelihood of success on the merits.  Further, the mere fact

21  that Plaintiff believes that his high risk medical classification or potential transfer to a new

22  institution were or will be performed in retaliation for filing this suit or filing other grievances,

23  does not create a sufficient connection to the claims at issue in this action.  *Pacific Radiation*

24  *Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) ("[T]here must be

25  a relationship between the injury claimed in the motion for injunctive relief and the conduct

26  asserted in the underlying complaint.")

27         Although Plaintiff is correct that the Court has personal jurisdiction over Plaintiff and

28  Defendant Martinez, the injunctive relief Plaintiff requests would require action from the entities

3

1   responsible for classification and housing decisions, who are not parties to this lawsuit.  The fact

2   that the Court may exercise personal jurisdiction over Plaintiff in this action, or that Plaintiff is

3   pursuing other litigation before this Court, does not provide a basis for placing a "legal hold"

4   preventing Plaintiff's transfer to a new institution, nor does it permit the Court to exercise

5   jurisdiction over a non-party to this action.  *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at

6   969.

7        To the extent Plaintiff believes he may be placed in danger, or that he has suffered or will

8   suffer violations of his constitutional rights, he has other avenues of relief available to him,

9   including filing a petition for writ of habeas corpus in state court.  *E.g.*, *People v. Brewer*, 235

10   Cal. App. 4th 122, 138, 185 Cal. Rptr. 3d 104, 114 (2015) (a California trial court may grant

11   habeas corpus petitioners prospective relief to redress recurring, persistent deprivations of

12   prisoners' rights at correctional facilities).  The issue is not that Plaintiff's allegations are not

13   serious or that he is not entitled to relief if sought in the proper forum.  The issue is that this

14   action cannot be used by Plaintiff obtain the relief he seeks.  The seriousness of Plaintiff's

15   allegations concerning feared impending harm cannot and do not overcome what is a

16   jurisdictional bar.  *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 103–04 (1998)

17   ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's

18   case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of

19   establishing its existence.")

20        Finally, even assuming the Court had jurisdiction to enter such an order, prison inmates do

21   not have a constitutional right to be incarcerated at a particular correctional facility (or to be

22   transferred or not transferred from one facility to another).  *Meachum v. Fano*, 427 U.S. 215,

23   224–25 (1976); *see also Olim v. Wakinekona*, 461 U.S. 238, 244–45 (1983).

24        To the extent Plaintiff is concerned that he will be unable to litigate this action as a result

25   of a transfer, Plaintiff is reminded that he may file a motion, supported by good cause, seeking an

26   extension of time to meet a specific deadline.

27   ///

28   ///

**IV.     Recommendation**

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunction, (ECF No. 28), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __June 7, 2023__                    _____/s/ Barbara A. McAuliffe_____
                                             UNITED STATES MAGISTRATE JUDGE

5