# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN RAY BRUMMETT, JR., | Case No. 1:21-cv-00086-ADA-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL |
| v. | (ECF Nos. 49, 51) |
| LOPEZ, *et al.*, | ORDER DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS |
| Defendants. | (ECF Nos. 58, 69) |
| | ORDER GRANTING IN PART AND DENYING IN PART PARTIES' MOTIONS FOR EXTENSION OF DEADLINES TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| | (ECF Nos. 65, 71) |

Plaintiff Melvin Ray Brummett, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Martinez for retaliation in violation of the First Amendment and deliberate indifference to risk of harm in violation of the Eighth Amendment.

**I.  Procedural Background**

Pursuant to the Court's April 5, 2022 Order Granting Defendant's Motion to Modify the Discovery and Scheduling Order, the deadline for completion of all discovery, including filing all motions to compel discovery, was extended to November 2, 2022.  (ECF No. 39.)

On October 24, 2022, Plaintiff filed a motion to compel discovery.  (ECF No. 49.)  The Court stayed briefing on the motion to compel and directed the parties to meet and confer and file a joint statement within thirty (30) days.  (ECF No. 50.)  On October 28, 2022, Plaintiff filed a motion to enforce answers to interrogatories.  (ECF No. 51.)  Construing Plaintiff's motion as a

second motion to compel, the Court granted Defendant's motion for an extension of time to comply with the Court's meet and confer order, and directed the parties to discuss both motions to compel. (ECF No. 53.) On December 8, 2022, Defendant filed a Joint Statement, signed by defense counsel and Plaintiff, although the Court notes that Plaintiff indicated he was not provided the joint statement to review and sign until December 7, 2022 and reserved the right to make objections. (ECF No. 56.) Plaintiff did file objections to the Joint Statement on December 16, 2022. (ECF No. 57.) On December 21, 2022, Plaintiff also filed a motion requesting *in camera* review, formal objections regarding the declaration of Litigation Coordinator Jason Barba included in Defendant's original discovery responses, and a request for sanctions for perjury. (ECF No. 58.) Defendant did not file responses to Plaintiff's objections to the Joint Statement or to Plaintiff's further motion for *in camera* review and sanctions.

On January 12, 2023, Defendant filed a motion for summary judgment and a *Rand* warning. (ECF Nos. 59, 60.) Plaintiff requested a continuance of the motion for summary judgment on January 27, 2023, (ECF No. 65), but thereafter filed his opposition to the motion for summary judgment, in the form of objections, on February 6, 2023, (ECF No. 68). Plaintiff also filed another motion for sanctions against defense counsel and Litigation Coordinator Barba on February 15, 2023. (ECF No. 69.) In the final paragraph of the 25-paragraph motion, Plaintiff states that defense counsel neglected to serve Plaintiff with copies of the unpublished cases relied upon in the motion for summary judgment. (*Id.* at 6, ¶ 25.) In response to only that paragraph of the motion for sanctions, Defendant filed a notice that Plaintiff was served copies of the relevant unpublished cases. (ECF No. 70.) Defendant further filed a motion requesting a twenty-one-day extension of time—apparently on behalf of Plaintiff—for Plaintiff to either file a new opposition to the summary judgment motion or a notice that he did not wish to file a new opposition, and a further extension of time for Defendant to file a reply brief. (ECF No. 71.) Plaintiff filed objections, which the Court construes as an opposition, to Defendant's motion to extend Plaintiff's opposition deadline on March 7, 2023. (ECF No. 72.)

As explained below, the Court finds further briefing on the pending motions unnecessary, and deems as submitted Plaintiff's motions to compel, (ECF Nos. 49, 51), Plaintiff's motions for

2

sanctions, (ECF Nos. 58, 69), and the parties' motions for extensions of the briefing deadlines in response to the motion for summary judgment, (ECF Nos. 65, 71). Local Rule 230(l).

With respect to Plaintiff's various objections, the Court notes that Plaintiff has previously been warned that unless expressly permitted by the Court's Local Rules, Plaintiff does not have the right to file objections in response to every ruling by the Court. *See, e.g.*, Local Rule 304 (permitting objections to findings and recommendations submitted to the District Judge). The Court clarifies for Plaintiff that the appropriate method for expressing his disagreement with a motion filed by Defendant, on the other hand, is by filing an opposition, rather than "objections." *See* Local Rule 230(l) (providing for a motion, opposition, and reply in prisoner actions). Accordingly, Plaintiff's objections are disregarded unless the Court finds that they were intended to be filed as an opposition to a motion or were filed in response to findings and recommendations. (*See* ECF No. 41, p. 3; ECF No. 55, p. 2.)

## II.     Plaintiff's Motions to Compel

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. Cty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)).

Plaintiff bears the burden of informing the Court: (1) which discovery requests are the subject of his motion to compel; (2) which of the responses are disputed; (3) why he believes the response is deficient; (4) why Defendant's objections are not justified; and (5) why the information he seeks through discovery is relevant to the prosecution of this action. *McCoy v. Ramirez*, 2016 WL 3196738 at *1 (E.D. Cal. 2016); *Ellis v. Cambra*, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

3

Following the parties' December 2, 2022 meet and confer regarding Plaintiff's motions to compel, it appears the parties were unable to resolve any of the discovery disputes. (ECF No. 56.) With respect to Plaintiff's motion to compel responses to his request for interrogatories, defense counsel informed Plaintiff that the request was untimely, and Defendant would not reply, to which Plaintiff responded "okay." (*Id.* at 10.)

### A.   Plaintiff's First Request for Production of Documents ("RFP")

A party is entitled to discovery regarding any nonprivileged matter relevant to the claims and defenses in this action. Fed. R. Civ. P. 26(b)(1). In responding to requests for production, a responding party must produce documents or other tangible things which are in his "possession, custody, or control." Fed. R. Civ. P. 34(a). Responses must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2)(B).

Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity [that] is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal.1995); *see also Allen v. Woodford*, 2007 WL 309945, at *2 (E.D. Cal. Jan. 30, 2007) ("Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand.") (citation omitted).

#### 1.   Parties' Positions

The Court has reviewed Plaintiff's First Request for Production, (ECF No. 49, pp. 85–89), Defendants' responses, (*id.* at 11–81), and Plaintiff's arguments in support of his motion to compel, (*id.* at 1–6). As Plaintiff's arguments apply to all of his requests and Defendants' responses as a whole, and for the sake of brevity, the Court will also address the requests collectively. Further, the Court finds that although Defendants have not had a chance to respond directly to Plaintiff's motion, further briefing is unnecessary.

Plaintiff argues that defense counsel has refused to provide Plaintiff with any of his requested documents, the documents that were provided had been completely redacted, and

4

objections to his requests were all boilerplate.  Plaintiff states that although defense counsel asserts attorney-client privilege or the work-product doctrine, she fails to explain how either apply to any of Plaintiff's requests.  Plaintiff states, without further explanation, that all of his requests were reasonable, made in good faith, pertained directly to the claims and defenses in this case, and could have reasonably led to further admissible evidence.  (ECF No. 49.)

Plaintiff further contends that defense counsel suborned perjury by allowing Litigation Coordinator J. Barba to submit a declaration that states that Plaintiff had possession of a weapon in prison as part of his rule violation history.  (*Id.* at 2.)  Plaintiff states that he has never been charged with a rule violation for possession of a weapon or of any physical violence to anyone, though he confirms that he received a rule violation report for possession of dangerous contraband, a solder gun.  (*Id.* at 2, 4.)  As a result, Plaintiff contends that any safety or security concerns mentioned by Litigation Coordinator Barba to support not producing his requested documents, are exaggerated and bolstered by perjury.  (*Id.* at 3.)

In the parties' Joint Statement, defense counsel asserts there were no further documents to produce in response to RFP Nos. 1–4, 6, and 8–9, and resolved to make an additional inquiry and serve a supplemental response to RFP No. 6 if any further materials were located.  (*See* ECF No. 56, p. 7.)  Counsel also invited Plaintiff to narrow RFP Nos. 5 and 7 in various respects, and Plaintiff refused.  (*Id.* at 6, 8.)  Plaintiff informed defense counsel that he would proceed with his Motion to Compel as filed.  (*Id.* at 2.)

On December 8, 2022, Plaintiff filed objections to the Joint Statement.  (ECF No. 57.)  As noted above, these objections are improperly filed.[1]  On December 21, 2022, Plaintiff also filed a motion requesting *in camera* reviews, formal objections to Barba's supplemental declarations, and a request for sanctions for perjury.  (ECF No. 58.)  Plaintiff again argues that Barba has committed perjury by misrepresenting Plaintiff's disciplinary history and other case factors in the declaration submitted in support of Defendant's discovery responses, and Plaintiff requests an *in*

---

[1] In an abundance of caution, the Court has reviewed the objections and finds that they largely repeat arguments raised in Plaintiff's original motion to compel and Plaintiff's supplemental motion for *in camera* review and sanctions, addressed *infra*, and do not change the analysis herein.  To the extent Plaintiff purports to raise new claims regarding alleged violations of his rights by defense counsel or other individuals who are not named as defendants to this action, those claims are not appropriately brought in this suit.

1 *camera* review of the investigation reports concerning Plaintiff's staff complaints and appeals

2 against Defendant Martinez. (*Id.* at 3.)

3         2.      <u>Discussion</u>

4 Plaintiff's motion to compel as to his First Request for Production is denied. Plaintiff's

5 argument that Defendants provided none of the requested documents is belied by Plaintiff's next

6 argument that he was provided documents with redactions, as well as Defendants' responses

7 indicating production of documents at AGO 0001–0054, (ECF No. 49, pp. 28–81). While

8 Plaintiff may believe that further responsive documents exist and are not being produced, in the

9 absence of legal or fact-based substantive deficiencies, he is required to accept the responses

10 provided. Mere distrust and suspicion regarding discovery responses do not form a legitimate

11 basis to further challenge responses which are facially legally sufficient. In the absence of

12 evidence to the contrary, which has not been presented here, Plaintiff is required to accept

13 Defendant's response that there are no further documents, which are not already available to

14 Plaintiff, to produce in response to RFP Nos. 1–4, 6, and 8–9. *See Mootry v. Flores*, 2014 WL

15 3587839, *2 (E.D. Cal. 2014).

16 Moreover, signed discovery responses are themselves certifications to the best of the

17 person's knowledge, information, and belief formed after a reasonable inquiry, Fed. R. Civ. P.

18 26(g)(1)(B) (quotation marks omitted), as are other signed filings presented to the Court, *see* Fed.

19 R. Civ. P. 11(b), such as the parties' joint statement. *See also* Fed. R. Civ. P. 33(c). Further,

20 Defendants are required to supplement discovery responses should they learn that their responses

21 were incomplete or incorrect, if the incomplete or incorrect information has not otherwise been

22 made known to Plaintiff. Fed. R. Civ. P. 26(e)(1) (quotation marks omitted). Accordingly,

23 Defendants indicated their intention to make an additional inquiry and serve a supplemental

24 response to RFP No. 6 if any further materials were located. (ECF No. 56, p. 7.)

25 With respect to RFP Nos. 5 and 7,[2] as Plaintiff declined to narrow those requests to the

---

[2]     RFP No. 5: Any and all formal and informal written complaints (including but not limited to 602 forms and or staff complaints) against Defendant alleging allegations of staff misconduct during Defendant's employment by the (CDCR) and (SATF)-State Prison Corcoran (including all written responses, appeals, reports, investigations, and or correspondence regarding the complaints). (ECF No. 49, p. 88 (unedited text).)
    RFP No. 7: Any and all formal or informal written investigations performed by (CDCR) and (SATF)-State

6

1    issues in the complaint or to documents regarding mishandling of confidential information, and
2    because documents were nevertheless produced in response to RFP No. 5, (ECF No. 49, p. 15),
3    the motion to compel is also denied as to these requests. The Court finds that RFP Nos. 5 and 7
4    are overbroad in time and subject matter and seek information not relevant to any party's claim or
5    defense, and Defendant's objections on those grounds are sustained.

### B. Plaintiff's Request for Interrogatories

Pursuant to the Court's January 3, 2022 Discovery and Scheduling Order, responses to discovery requests are due forty-five days after the request is served, and "discovery requests . . . must be served sufficiently in advance of the discovery deadline to permit time for a response and time to prepare and file a motion to compel." (ECF No. 36.) The Court's April 5, 2022 Order Granting Defendant's Motion to Modify the Discovery and Scheduling Order kept these requirements in place, meaning that all discovery requests were to be served at least forty-five days before the November 2, 2022 extended deadline for completion of all discovery. (ECF No. 39.)

Plaintiff's first set of interrogatories were served on Defendant on September 27, 2022, (ECF No. 51, p. 21), or thirty-six days before the close of discovery. Defendant served a letter on October 13, 2022, informing Plaintiff that his request was untimely and Defendant did not intend to serve responses. (*Id.* at 7–8.) Plaintiff concedes that his interrogatories were served less than forty-five days before the close of discovery. (*Id.* at 1.) In seeking to compel Defendant to respond, Plaintiff argues that the Court's order did not explicitly state that discovery requests must be submitted forty-five days prior to the discovery deadline, and he was in technical compliance with Federal Rule of Civil Procedure 33(b)(2) because his requests were served more than thirty days prior to the discovery deadline. (*Id.* at 2.) Plaintiff contends that as a *pro se* prisoner, there is no way he could have understood this technical requirement without the Court

---

Prison Corcoran regarding misconduct of Defendant period, including but not limited to interviews of witnesses or other staff employees (including all written responses, reports, investigations, and or correspondence regarding other employees). This request is based on Defendant's own admissions to Brummett that he was placed in the mail room for disciplinary action pending investigation and that he was still under investigation while he was assigned as (M&SS-I)-Supervisor in the Facility-F Laundry. It is further based on the Defendant's own admissions to Brummett that while he was still acting as (M&SS-I)Supervisor and pending said investigation a female employee submitted a sexual harrasment complaint against Defendant. (*Id.* at 88–89 (unedited text).)

1  putting him on notice of it in the Discovery and Scheduling Order.

2  However, Plaintiff was in fact informed that "discovery requests . . . must be served

3  sufficiently in advance of the discovery deadline to permit time for a response and time to prepare

4  and file a motion to compel." (ECF No. 36, p. 2.)  Although Plaintiff is permitted some lenience

5  due to his *pro se* status, "Pro se litigants must follow the same rules of procedure that govern

6  other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by*

7  *Lacey v. Maricopa Cty.*, 693 F.3d 869 (9th Cir. 2012) (en banc).  Further, in light of Plaintiff's

8  extensive litigation history with this court, Plaintiff cannot credibly claim to be an inexperienced

9  litigant unfamiliar with the manner in which a civil action proceeds or how to read and

10 understand the requirements of a court order.[3]

11 Plaintiff was informed by defense counsel on October 13, 2022 that his request for

12 interrogatories was untimely.  Plaintiff's remedy was not through a motion to compel a response

13 to his untimely request, but rather to timely seek an extension of the discovery deadline from the

14 court under Federal Rule of Civil Procedure 16.  Plaintiff did not do so, and his motion to compel

15 fails to provide any explanation for the untimeliness of his request.  Accordingly, his motion to

16 compel responses to his request for interrogatories must be denied.

17 **III.     Plaintiff's Motions for Sanctions**

18      **A.     Perjury**

19 With respect to Plaintiff's argument that defense counsel suborned perjury by submitting a

20 declaration from Litigation Coordinator J. Barba that states that Plaintiff had possession of a

21 weapon in prison as part of Plaintiff's rule violation history, (ECF Nos. 58, 69), the Court finds

22 that a sanction for perjury is not appropriate.

23 ///

---

[3] The Court takes judicial notice of the following federal civil rights actions initiated by Plaintiff: *Brummett v. Teske*, Case No. 2:04-cv-01797-GEB-JFM (E.D. Cal.) (filed August 24, 2004); *Brummett v. Sillen*, Case No. 1:06-cv-01255-LJO-DLB (E.D. Cal.) (filed Sept. 13, 2006); *Brummett v. Dean*, Case No. 1:16-cv-01400-LJO-SAB (E.D. Cal.) (filed Sept. 21, 2016); *Brummett v. Rivero*, Case No. 1:17-cv-00639-LJO-SAB (E.D. Cal.) (severed from *Brummett v. Dean*, Case No. 1:16-cv-01400-LJO-SAB (E.D. Cal.) on May 8, 2017); *Brummett v. Michaud*, Case No. 1:19-cv-00906-SAB (E.D. Cal.) (filed July 2, 2019); *Brummett v. Lopez*, Case No. 1:20-cv-00194-SKO (E.D. Cal.) (filed Feb. 7, 2020); *Brummett v. Sherman*, Case No. 1:20-cv-00622-HBK (E.D. Cal.) (filed April 30, 2020); *Brummett v. Allison*, Case No. 1:22-cv-00407-ADA-BAM (E.D. Cal.) (filed April 8, 2022).

1  District courts have inherent authority to sanction parties who provide false testimony or engage in deceptive conduct. *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). The sanction of dismissal is available where a party's "non-compliance is due to willfulness, fault, or bad faith." *Sigliano v. Medoza*, 642 F.2d 309, 310 (9th Cir. 1981). Dismissal is an appropriate sanction for falsifying evidence, including deposition testimony, and clearly constitutes "bad faith" for purposes of discovery sanctions. *See Combs v. Rockwell Int'l Corp.*, 927 F.2d 486, 488–89 (9th Cir. 1991) (affirming dismissal with prejudice where counsel falsified transcript of deposition); *Arnold v. County of El Dorado*, No. 2:10–CV–3119 KJM–GGH, 2012 WL 3276979, at *4 (E.D. Cal. Aug. 9, 2012) report and recommendation adopted, No. 2:10–CV–3119 KJM–GGH (E.D. Cal. Sep. 27, 2012).

Perjury should not be confused with inconsistencies in a party's deposition and trial testimony, which "provide fertile ground for vigorous impeachment but do not support perjury findings." *Arnold*, No. 2:10–CV–3119 KJM–GGH, 2012 WL 3276979, at *4 (quoting *Montano v. City of Chicago*, 535 F.3d 558, 564 (7th Cir. 2008)).

Other Ninth Circuit cases hold that "'perjury by a party or witness, by itself, is not normally fraud on the court.'" *United States v. Estate of Stonehill*, 660 F.3d 415, 444 (9th Cir. 2011) citing *In re Levander*, 180 F.3d 1114, 1119 (9th Cir. 1999). "In order to show fraud on the court, . . . . [a party] must show more than perjury or nondisclosure of evidence, unless that perjury or non-disclosure was so fundamental that it undermined the workings of the adversary process itself." *Stonehill*, 660 F.3d at 445.

Plaintiff's conclusory allegation that Barba committed perjury by intentionally misrepresenting Plaintiff's disciplinary history, and that defense counsel suborned perjury by knowingly submitting an inaccurate declaration to support Defendants' discovery responses, is a very far cry from perjury. Even assuming that Barba's description of the rule violation as for "possession of a weapon" is an incorrect characterization of what Plaintiff confirms was possession of "dangerous contraband" of a "solder gun," at most it appears that the declaration is merely inaccurate rather than bad faith or willful misrepresentation to the Court.

///

Furthermore, the Court has not relied upon Barba's description of Plaintiff's disciplinary history or Defendants' argument regarding safety and security concerns to find that the motion to compel should be denied. *See supra*, II. A discrepancy in a declaration in support of Defendant's discovery responses does not warrant a finding of perjury or the imposition of sanctions, much less an *in camera* review of documents not at issue in the instant discovery dispute. *In camera* review of other documents related to the discovery dispute (such as investigation reports into Plaintiff's staff complaints and appeals against Defendant Martinez) are also not warranted where Plaintiff has not specified which redacted documents he wishes to review, why, and how they are related to the requests at issue. Plaintiff's request for *in camera* review of documents is therefore also denied.

### B. Improperly Processing Legal Mail

In his second motion for sanctions, Plaintiff argues in part that his constitutional rights were violated by defense counsel and prison staff when his legal documents, specifically the Joint Statement prepared by defense counsel following the parties' meet and confer, was not sent through the standard "legal mail" process but through the Correctional Counselor. (ECF No. 69, p. 5.) Plaintiff contends that he was then threatened with a Rules Violation Report when he refused to sign the joint statement. (*Id.*)

To the extent Plaintiff believes that a violation of his constitutional rights has occurred regarding his legal correspondence, a motion for sanctions in the instant action is not the proper method for raising such claims. Defense counsel, Litigation Coordinator Barba, and any institutional staff who processed Plaintiff's legal communications are not defendants in this action, and any such claims against them are not related to the retaliation claim against Defendant Martinez that is proceeding in the instant case.

### C. Failure to Serve Unreported Cases

Finally, Plaintiff argues that defense counsel cited to cases in the motion for summary judgment that had not been reported, and failed to serve paper copies of these cases on Plaintiff in violation of Local Rule 133(i)(3)(ii). (ECF No. 69, p. 6.) Defendant filed a notice that Plaintiff was served with copies of the unpublished cases cited in the motion for summary judgment two

1 days later, on February 17, 2023.  (ECF No. 70.)

2 While it is uncontested that Defendant failed to serve the unpublished cases on Plaintiff at the time of filing the motion for summary judgment, Plaintiff does not argue that the failure to do so in any way impeded him in drafting his opposition to the summary judgment motion.  (*See* ECF No. 69.)  Plaintiff also does not appear to seek any sanctions against Defendant or defense counsel for the oversight, (*see id.*), and the Court declines to impose sanctions for this failure based on the same reasons articulated above.

**IV.     Parties' Motions for Continuance or Extension of Time**

The parties both seek extensions of the deadlines to respond to the motion for summary judgment.

Plaintiff filed a motion for a continuance of the motion for summary judgment on January 27, 2023, arguing that he was unable to respond to the summary judgment motion due to the pendency of his motions to compel and Defendant's failure to provide Plaintiff with any discovery at all.  (ECF No. 65.)  Plaintiff argues that postponement of the Court's ruling on the motion is required pursuant to Federal Rule of Civil Procedure 56(d) because of his outstanding discovery requests.  (*Id.* at 4.)  Defendant did not file a response to Plaintiff's motion.

Notwithstanding this motion, on February 6, 2023, Plaintiff filed an opposition to the motion for summary judgment.  (ECF No. 68.)  In his opposition, Plaintiff states that he preserves the right to amend his objections—his opposition—due to the outstanding discovery requests and motions to compel, but he does not identify with any particularity which evidence or documents were required to complete his opposition, or what facts were necessary to further justify his opposition.  (*See id.* at 14.)

On the other hand, on February 17, 2023, Defendant filed a motion to extend the time for Plaintiff to withdraw his opposition and file an amended opposition given the late service of the unpublished cases, as well as to extend the time for Defendant to submit a reply brief.  (ECF No. 71.)  Plaintiff objected to the request, stating that it was filed for the real purpose of extending the time for Defendant to file a reply, though ultimately stated he did not oppose the extension of time "to submit an opposition to [Plaintiff's] objections," (ECF No. 72), which the Court

characterizes as a statement of non-opposition to the request for extension of the deadline for Defendant to submit a reply in support of the motion for summary judgment.  Plaintiff does not otherwise express a desire to submit an amended opposition to address the newly-served unpublished cases, and reiterates that he sought a postponement of the Court's ruling on the summary judgment motion due to the pending motions to compel.  (*See id.* at 2.)

Defendant filed a reply brief in support of the summary judgment motion on March 22, 2023, two days before the requested extended deadline of March 24, 2023.  (ECF No. 73.)

The Court finds that the requested extensions of time are unnecessary, as Plaintiff has already filed his opposition, (ECF No. 68), and Defendant filed a reply, (ECF No. 73).  The request is granted in light of Plaintiff's non-opposition and to the extent Defendant's reply brief was filed after the original February 20, 2023 deadline.[4]

Further, the Court finds that Plaintiff will not be prejudiced by the Court's acceptance of his filed opposition.  Plaintiff argued throughout his motions to compel, motion for continuance, motions for sanctions, and his opposition brief that the extension was necessary due to the pending motions to compel and outstanding discovery.  As discussed at length above, the Court has found no basis for granting the motions to compel, or for ordering further discovery responses.  Plaintiff has made only conclusory arguments that the requested discovery will support his opposition, but has not identified any particular discovery response that would support his opposition or any portion of his opposition brief that required further evidentiary or factual support before filing.  In seeking relief under Rule 56(d), Plaintiff bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment.  *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009).  Plaintiff failed to do so, and thus failed to carry his burden "to show what material facts would be discovered that would preclude summary judgment."  *Klingele v. Eikenberry*, 849 F.2d

---

[4] Defense counsel erroneously stated that the reply brief was due on February 15, 2023.  (ECF No. 71, p. 2.)  Counsel is reminded that, pursuant to the Court's Local Rules, replies in support of motions filed in prisoner actions are due within fourteen (14) days "after the opposition has been filed in CM/ECF," rather than after the date of service of the motion.  L.R. 230(l).

409, 412 (9th Cir. 1988); *see also Conkle v. Jeong*, 73 F.3d 909, 914 (9th Cir. 1995) ("The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists.").

Finally, Plaintiff also did not appear to agree with Defendant's request for an extension of time for Plaintiff to submit an amended opposition brief to address the unpublished cases cited in the summary judgment motion, (*See* ECF No. 72), so the Court declines to grant Defendant's request for an extension on that basis.

Accordingly, the Court grants the requested extensions of time in part, with respect to the filing of Defendant's reply, and denies the requests in part, with respect to the filing of an amended opposition by Plaintiff.

**V.     Order**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motions to compel, (ECF Nos. 49, 51), are DENIED;
2. Plaintiff's motions for sanctions and *in camera* review, (ECF Nos. 58, 69), are DENIED;
3. Plaintiff's request for continuance of motion for summary judgment, (ECF No. 65), is DENIED;
4. Defendant's motion for extension of time for Plaintiff to oppose summary judgment and Defendant to file a reply, (ECF No. 71), is GRANTED IN PART, *nunc pro tunc*, and DENIED IN PART, as discussed above; and
5. Defendant's motion for summary judgment will be addressed by separate findings and recommendations.

IT IS SO ORDERED.

Dated:   **August 31, 2023**           /s/ *Barbara A. McAuliffe*          
                                                          UNITED STATES MAGISTRATE JUDGE

13