1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN RAY BRUMMETT, JR., | Case No.  1:21-cv-00086-BAM (PC) |
| Plaintiff, | **SECOND SCHEDULING ORDER** |
| v. | **ORDER DIRECTING CLERK'S OFFICE TO SEND LOCAL RULE 281 TO PLAINTIFF** |
| MARTINEZ, | |
| Defendant. | Pretrial Conference: **August 13, 2024** at 9:00 a.m. in Courtroom 8 (BAM) |
| | Motions in Limine Hearing: **September 30, 2024** at 9:00 a.m. in Courtroom 8 (BAM) |
| | Jury Trial: **October 16, 2024** at 8:30 a.m. in Courtroom 8 (BAM)[1] |

Plaintiff Melvin Ray Brummett, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. All parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF No. 105.) This case is now ready to be set for jury trial on Plaintiff's claims against Defendant Martinez ("Defendant") for retaliation in violation of the First Amendment and deliberate indifference to risk of harm in violation of the

---

[1] At the March 26, 2024 trial scheduling conference, the parties were informed that jury trial would begin on Tuesday, October 15, 2024. However, in light of the Monday holiday closure, the Court finds it appropriate to set the first day of trial on **Wednesday, October 16, 2024**.

1

1   Eighth Amendment.

2   **I.      Pretrial Statements**

3           The parties are required to file pretrial statements in accordance with the schedule set

4   forth herein.  In addition to the matters already required to be addressed in the pretrial statement

5   under Local Rule 281, the parties will be required to submit requests to obtain the attendance of

6   incarcerated witnesses.  The procedures, requirements and deadlines for such a request are

7   outlined in detail below.

8           At the trial of this case, Plaintiff must be prepared to introduce evidence to prove each of

9   the alleged facts that support the claims raised in the lawsuit.  In general, there are two kinds of

10  trial evidence: (1) exhibits and (2) the testimony of witnesses.  Plaintiff is responsible for

11  producing all of the evidence to prove his case, whether that evidence is in the form of exhibits or

12  witness testimony.  If Plaintiff wants to call witnesses to testify, he must follow certain

13  procedures to ensure that the witnesses will be at the trial and available to testify.

14  **II.     Witnesses**

15          A.  Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify

16              Voluntarily

17          An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot

18  come to court unless the Court orders the warden or other custodian to permit the witness to be

19  transported to court.  The Court will not issue such an order unless it is satisfied that the

20  prospective witness has actual knowledge of relevant facts.

21          A party intending to introduce the testimony of incarcerated witnesses who have agreed

22  voluntarily to attend the trial must serve and file concurrent with the pretrial statement a written

23  motion for a court order requiring that such witnesses be brought to court at the time of trial.  The

24  motion must: (1) state the name, address, and prison identification number of each such witness;

25  and (2) be accompanied by declarations showing that each witness is willing to testify and that

26  each witness has actual knowledge of relevant facts.  The motion should be entitled "Motion for

27  Attendance of Incarcerated Witnesses."

28  *///*

The willingness of the prospective witness can be shown in one of two ways: (1) the party himself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party of this willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (e.g., if an incident occurred in Plaintiff's cell and, at the time, Plaintiff saw that a cellmate was present and observed the incident, Plaintiff may swear to the cellmate's ability to testify), the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye or ear witness.  Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The Court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court.  Subsequently, the Court will issue the order necessary to cause the witness's custodian to bring the witness to court.

Motions for the attendance of incarcerated witnesses at trial, if any, must be filed on or before **June 18, 2024**.  Objections, if any, must be filed on or before **July 19, 2024**.

B.  Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily

If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with the pretrial statement a motion for the attendance of such witnesses.  Such motion should be in the form described above.  In addition, the party must

indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

C. Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily

It is the responsibility of the party who has secured an unincarcerated witness's voluntary attendance to notify the witness of the time and date of trial.  No action need be sought or obtained from the Court.

D. Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45.  In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness. *Id.*  In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness's travel expenses.  28 U.S.C. § 1821.

If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each unincarcerated witness.  The Court will calculate the travel expense for each unincarcerated witness and notify Plaintiff of the amount(s).  Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00.  The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the Court.  Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed *in forma pauperis*.

If Plaintiff wishes to have the Marshal serve any unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must submit the money orders to the Court no later than **July 19, 2024**.  To ensure timely submission of the money orders, Plaintiff must notify the Court of the names and locations of his witnesses, in compliance with step one, on or before **June 18, 2024**.

///

4

III.    **Expert Disclosures**

The deadline for all parties to serve their expert disclosures is **July 19, 2024**.  Parties have until **August 9, 2024** to serve their rebuttal expert disclosures.  Such disclosures must be made pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), (B), and (C) and shall include all information required thereunder.  In addition, Federal Rules of Civil Procedure 26(b)(4) and 26(e) shall specifically apply to all discovery relating to expert witnesses and their opinions.  Each expert witness must be fully prepared to be examined on all subjects and opinions included in their designations.  Failure to comply with these requirements will result in the imposition of sanctions, which may include the preclusion of testimony or other evidence offered through the expert witness.  In particular, this Court will enforce preclusion of testimony or other evidence if Federal Rule of Civil Procedure 26(e) is not strictly complied with.

IV.    **Motions in Limine**

Any party may file a motion in limine, which is a procedural mechanism to limit in advance testimony or evidence in a particular area.  *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (quotation marks omitted).  In the case of a jury trial, the Court's ruling gives Plaintiff and Defendants' counsel advance notice of the scope of certain evidence so that admissibility is settled before attempted use of the evidence before the jury.  *Id.* at 1111–12 (quotation marks omitted).

Any motions in limine must be served and filed with the Court by **September 9, 2024**. Any motion in limine must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial.

Any opposition to a motion in limine must be served on the other party, and filed with the Court by **September 20, 2024**.  **No reply briefs shall be submitted by the parties.**

An order may be issued prior to trial resolving these motions.  Otherwise, a motion in limine hearing will be held, by video conference, on **September 30, 2024, at 9:00 a.m.** in Courtroom 8 (BAM).

**Whether or not a party files a motion in limine, that party may still object to the introduction of evidence during the trial.**

**V.     Order**

Accordingly, the Court HEREBY ORDERS as follows:

1.  This matter is set for jury trial before the Honorable Barbara A. McAuliffe on **October 16, 2024**, at 8:30 a.m. in Courtroom 8.  The Court will issue any necessary transportation order in due course.

2.  This matter is set for the following dates, where the parties may appear **by video (via Zoom)**:

    a.  A pretrial conference before the Honorable Barbara A. McAuliffe on **August 13, 2024**, at 9:00 a.m. in Courtroom 8.

    b.  A motion in limine hearing before the Honorable Barbara A. McAuliffe on **September 30, 2024**, at 9:00 a.m. in Courtroom 8.

3.  Defense counsel shall contact Courtroom Deputy, Esther Valdez, at (559) 499-5788 or evaldez@caed.uscourts.gov for the Zoom dial-in information for all parties.  **Defense counsel is required to arrange for Plaintiff's participation by contacting the Litigation Coordinator at the institution where Plaintiff is housed to provide the necessary dial-in information and confirm whether the institution is able to produce Plaintiff for a video appearance at the scheduled dates and times**;

4.  The Court also sets the following deadlines:

    a.  Plaintiff shall serve and file a pretrial statement as described in this order on or before **June 18, 2024**;

    b.  Defendant shall serve and file a pretrial statement as described in this order on or before **July 19, 2024**.  In addition to electronically filing a pretrial statement, Defendant shall e-mail the pretrial statement to: bamorders@caed.uscourts.gov;

    c.  If Plaintiff intends to call incarcerated witnesses at time of trial, Plaintiff shall serve and file a motion for attendance of incarcerated witnesses as described in this order on or before **June 18, 2024**;

    d.  The opposition to the motion for the attendance of incarcerated witnesses, if any, shall be filed on or before **July 19, 2024**;

     e.  If Plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must notify the Court of their names and locations on or before **June 18, 2024**, and Plaintiff must submit the money orders, as described in subsection 4 of this order, to the Court on or before **July 19, 2024**;

     f.  Initial expert disclosures, if any, shall be filed on or before **July 19, 2024**;

     g.  Rebuttal expert disclosures, if any, shall be filed on or before **August 9, 2024**;

     h.  Motions in limine, if any, shall be filed on or before **September 9, 2024**;

     i.  Oppositions to motions in limine, if any, shall be filed on or before **September 20, 2024**;

5. The Clerk of the Court is DIRECTED to send Plaintiff a copy of Local Rule 281;

6. Any party unable to comply with the dates outlined in this order shall immediately file an appropriate motion or stipulation identifying the requested modification(s);

7. **The dates in this order are considered to be firm and will not be modified absent a showing of good cause, even if a stipulation to modify is filed.**  Due to the impacted nature of the civil case docket, this Court disfavors requests to modify established dates; and

8. <u>**The parties are advised that failure to file pretrial statements or to comply with the procedures set forth by this order may result in the imposition of appropriate sanctions, which may include preclusion of any and all witnesses, dismissal of the action, or entry of default.**</u>

IT IS SO ORDERED.

Dated:   **March 26, 2024**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE