# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN RAY BRUMMETT, JR., <br><br> Plaintiff, <br><br> v. <br><br> MARTINEZ, <br><br> Defendant. | Case No. 1:21-cv-00086-BAM (PC) <br><br> ORDER DENYING PLAINTIFF'S MOTION TO REOPEN DISCOVERY AND TO AMEND SCHEDULING ORDER <br><br> (ECF No. 108) |

Plaintiff Melvin Ray Brummett, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. All parties have consented to Magistrate Judge jurisdiction. (ECF No. 105.) This case is set for a jury trial on October 16, 2024, on Plaintiff's claims against Defendant Martinez ("Defendant") for retaliation in violation of the First Amendment and deliberate indifference to risk of harm in violation of the Eighth Amendment.

Currently before the Court is Plaintiff's motion to reopen discovery and to amend the scheduling order, filed April 24, 2024. (ECF No. 108.) Defendant filed an opposition on May 9, 2024. (ECF No. 109.) Although the deadline for Plaintiff to file a reply has not yet expired, the Court finds a reply unnecessary, and the motion is deemed submitted. Local Rule 230(l).

///

///

**I.     Procedural Background**

The deadline for completion of all discovery, including filing all motions to compel discovery, was November 2, 2022.  (ECF No. 39.)  Just prior to the close of discovery, Plaintiff filed several motions to compel.  (ECF Nos. 49, 51.)  The parties were directed to meet and confer regarding the motions, after which Defendant filed a Joint Statement and Plaintiff filed objections to that statement.  (ECF Nos. 56, 57.)  Plaintiff also filed several motions for sanctions and *in camera* review of the discovery materials at issue.  (ECF Nos. 58, 69).  On September 1, 2023, the Court issued an order denying the various motions to compel and requests for sanctions and *in camera* review.  (ECF No. 81.)

Since resolution of those motions, the Court denied Defendant's motion for summary judgment, (ECF Nos. 82, 86), held a status conference regarding a potential trial date, (ECF No. 91), held a settlement conference, (ECF No. 97), and a trial scheduling conference, (ECF No. 106).  This case is now set for a jury trial to begin on October 16, 2024.  (ECF No. 107.)

**II.    Plaintiff's Motion to Reopen Discovery**

In his motion, Plaintiff requests that the Court reopen discovery and amend the scheduling order for the limited purpose of obtaining discovery for Plaintiff to use at trial.  (ECF No. 108.)  Plaintiff argues that the Court's September 1, 2023 order (signed August 31, 2023) denying his motions to compel, was made in error.  Specifically, the Court erred in failing to conduct an *in camera* review of Defendant's Inmate Staff Complaints and failing to acknowledge his argument that Defendant's production of "completely blacked out documents" was the same as producing no documents at all.  Denial of Plaintiff's motion to reopen discovery without conducting an *in camera* review of Defendant's service record will have a substantial and injurious effect on Plaintiff's case at trial.  Plaintiff has been diligent in obtaining discovery and submitting his motions to compel, there is a foreseeable need for discovery due to the Court's denial of his previous discovery motions, and there is more than a likelihood that the discovery will lead to relevant evidence.  Plaintiff is entitled to discovery regarding Defendant's other instances of misconduct because they may be relevant to the issue of punitive damages and to the credibility of Defendant's testimony.  Plaintiff also requests that the Court hold his motion to a less stringent

standard and construe his motion liberally, due to his *pro se* status.  (*Id.*)

In opposition, Defendant contends that Plaintiff has not acted diligently in pursuing discovery, Defendant will be prejudiced by the delays caused in reopening discovery, and the discovery will not lead to admissible evidence.  (ECF No. 109.)  The unrelated staff complaints Plaintiff seeks through discovery will not be admissible at trial, because they would be characterized as prior bad acts under Federal Rule of Evidence 404, they are not admissible for impeachment, and would not be admissible to prove punitive damages if the complaints were not substantiated or sustained.  Even if admissible, the unrelated grievances would be excluded under Federal Rule of Evidence 403 because they would be unfairly prejudicial to Defendant, confusing to the jury, and waste considerable time.  In addition, Plaintiff's motion does not seek new discovery, but rather seeks reconsideration of the Court's denial of his motions to compel.  Plaintiff's motion does not meet the standard for reconsideration of the Court's prior ruling on his motions to compel, because Plaintiff does not raise any new facts or intervening law that was not raised in his original motions to compel, and Plaintiff does not demonstrate a clear error of law by the Court.  (*Id.*)

### III. Discussion

#### A. Reopening Discovery

When ruling on a motion to amend a Rule 16 scheduling order to reopen discovery, the Court must consider the following factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

Under these factors, Plaintiff's motion must be denied.  The parties agree that trial is imminent, and Plaintiff is reminded that fulfillment of this factor weighs against the reopening of discovery.  Defendant has opposed the request.

///

The remaining factors all also weigh against reopening discovery at this time. While Plaintiff was diligent in submitting his original discovery requests and filing his motions to compel, he provided no other indication that further discovery was needed until the March 26, 2024 trial scheduling conference—more than six months after the Court's order denying his motions to compel. Plaintiff's motion to reopen discovery was not filed until April 24, 2024, more than seven months after the order to which he objects. Therefore, the Court finds that Plaintiff has not been diligent in obtaining discovery since the Court denied his motions to compel. Similarly, because the documents at issue are the same as those requested in Plaintiff's prior discovery requests, Plaintiff was aware that they existed and that he hoped to obtain them well before the trial date was set and the instant motion was filed. Therefore, Plaintiff should have foreseen the need to make his request before trial was imminent, and had many months in which to file such a request. Plaintiff did not do so.

Furthermore, the Court finds that Defendant will be prejudiced if discovery is reopened, both due to the likely delay of trial and the unlikelihood that the requested discovery will lead to relevant evidence. As noted above, Plaintiff filed numerous motions to compel and motions for sanctions and *in camera* review related to these discovery requests, and all were denied. (ECF No. 81.) Reopening discovery for the purpose of relitigating an issue already resolved would cause an unnecessary delay.

Finally, Plaintiff repeatedly argues that he seeks discovery regarding Defendant's service record in order to introduce other instances of Defendant's alleged misconduct, in the form of staff complaints filed against him by other inmates and other correctional staff. As Defendant has noted, Plaintiff does not allege that any of these prior complaints were sustained or otherwise substantiated. While Plaintiff contends that this evidence is necessary for the purpose of proving possible punitive damages and for impeachment, Plaintiff has not shown how these prior allegations are relevant to Plaintiff's ability to prove that Defendant acted or failed to act in a particular manner in the instant action. Plaintiff is not permitted to introduce evidence that because Defendant was accused of misconduct on prior occasions, he also committed similar

///

misconduct in relation to Plaintiff's claims in this case.  Fed. R. Evid. 608(b); Fed. R. Evid. 404(b).[1]  Accordingly, Plaintiff has failed to demonstrate that the discovery he seeks would be likely to lead to relevant evidence that would be admissible at trial.

### B. Reconsideration of Denial of Plaintiff's Motions to Compel

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision, *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted).  Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 230(j).

To the extent Plaintiff's motion may be construed as a motion for reconsideration of the Court's September 1, 2023 order denying Plaintiff's motions to compel, Plaintiff's request is also denied.  Plaintiff has failed to do more than demonstrate his disagreement with the Court's prior order, and has introduced no new facts, circumstances, or changes in the controlling law that were not shown in his prior motions or otherwise available to him at the time those motions were filed.  While Plaintiff argues that the Court's denial of his motions to compel was a violation of his rights under the Due Process and Equal Protection Clauses of the Constitution, and that the Court has failed in its legal obligation to seek truth and justice, these conclusory arguments do not demonstrate a clear error.  The Court thoroughly reviewed Plaintiff's original arguments and

---

[1] Federal Rule of Evidence 608(b) provides, in relevant part: "Except for a criminal conviction under [Federal Rule of Evidence] 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness."  Federal Rule of Evidence 404(b)(1) further provides, in part: "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

those presented in the instant motion, and finds no grounds for reconsideration of the prior order.

IV. **Order**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to reopen discovery and to amend scheduling order, (ECF No. 108), is DENIED;

2. All deadlines previously set in the Court's March 26, 2024 Second Scheduling Order, (ECF No. 107), **including Plaintiff's pretrial statement, due on or before June 18, 2024**, remain in effect; and

3. **The parties are reminded that the dates in the Second Scheduling Order are considered to be firm and will not be modified absent a showing of good cause, even if a stipulation to modify is filed, and that the failure to file pretrial statements or to comply with the procedures set forth in the Second Scheduling Order may result in the imposition of appropriate sanctions, which may include preclusion of any and all witnesses, dismissal of the action, or entry of default**.

IT IS SO ORDERED.

Dated:   **May 16, 2024**              /s/ Barbara A. McAuliffe            
                                       UNITED STATES MAGISTRATE JUDGE