# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN RAY BRUMMETT, JR., | Case No. 1:21-cv-00086-BAM (PC) |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES |
| v. | |
| MARTINEZ, | (ECF No. 111) |
| Defendants. | ORDER GRANTING DEFENDANT'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES (ECF No. 113) |
| | ORDER GRANTING REQUEST FOR WITNESSES MOORE AND GARCIA TO TESTIFY BY VIDEO (ECF No. 117) |

**I.    Introduction**

Plaintiff Melvin Ray Brummett, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  All parties have consented to Magistrate Judge jurisdiction.  (ECF No. 105.)  This action proceeds on Plaintiff's claims against Defendant Martinez ("Defendant") for retaliation in violation of the First Amendment and deliberate indifference to risk of harm in violation of the Eighth Amendment. The case is set for a jury trial commencing October 16, 2024, before the undersigned.

///

Pursuant to the Court's March 26, 2024 Second Scheduling Order, (ECF No. 107), Plaintiff submitted a pretrial statement on May 30, 2024, including a request for attendance of incarcerated witnesses. (ECF No. 111.) Defendant filed a motion for attendance of incarcerated witnesses on June 18, 2024. (ECF No. 113.) In his pretrial statement, filed July 18, 2024, Defendant also objects to one of Plaintiff's requested incarcerated witnesses, and requests that two witnesses be permitted to testify by video. (ECF No. 117.) The parties also submitted further argument during the pretrial conference held via videoconference on August 13, 2024. The various motions and requests are deemed submitted. Local Rule 230(l).

**II.     Incarcerated Witnesses**

In determining whether to grant the motions for the attendance of incarcerated witnesses, the Court considers the following factors: (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983); *see also Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

      **A.     Inmates Steven Moore and Walter Slone**

Both parties request the attendance of Inmates Steven Moore (CDCR #AK-2727) and Walter Slone (CDCR #F-32882). (ECF Nos. 111, 113.) Although the parties present differing versions of the testimony to be given by these witnesses, it appears both have relevant testimony that will not result in undue delay, a waste of time, or the needless presentation of cumulative evidence. The parties requests for attendance of Inmates Moore and Slone are granted.

The Court will address the request for Inmate Moore to testify by video below and will issue the necessary transportation orders for these witnesses' appearances at trial in due course.

///

**B.     Inmate Johnathan Lee Smith**

Plaintiff does not know if Inmate Johnathan Lee Smith (CDCR #V32367) would be willing to testify, but if called, Inmate Smith could testify to the allegations in the declaration, signed under penalty of perjury, filed in support of Plaintiff's opposition to Defendant's motion for summary judgment. (ECF No. 68, p. 34.)  The declaration provides that, on or about May 27, 2020, Smith witnessed Plaintiff arguing with other unidentified inmates, wherein the other inmates were accusing Plaintiff of snitching on Inmate Slone for stealing laundry and for then fighting with Slone.  Plaintiff told the other inmates not to believe a free staff over an inmate, and Defendant was lying.  The other inmates told Plaintiff that if they found out that he snitched on Slone that they were going to deal with it.  (*Id.*)

Defendant objects to the attendance of Inmate Smith.  (ECF No. 117, p. 11.)  Defendant argues that the proffered testimony constitutes an out of court statement offered for the truth of the matter asserted, is inadmissible hearsay, and Inmate Smith should be prohibited from testifying.  (*Id.*)  Plaintiff did not file a response.  At the pretrial conference, Plaintiff confirmed the Inmate Smith would testify as to the substance of the declaration.

Plaintiff's motion for attendance of Inmate Smith is denied.  According to the declaration provided, Inmate Smith's testimony comprises out of court statements by other unidentified inmates, offered to prove that Defendant advertised Plaintiff as a snitch to Inmate Slone.  The substance of the testimony is that Inmate Smith heard unidentified inmates say that they heard Plaintiff had snitched on Inmate Sloan.  This testimony is hearsay, as well as duplicative of the testimony that Plaintiff intends to elicit from Inmates Moore and Slone regarding Defendant's actions.  To the extent Inmate Smith's testimony is intended to demonstrate that Plaintiff was placed in danger from other unidentified inmates due to Defendant's alleged actions, the testimony as outlined in the declaration is also duplicative of any testimony Plaintiff may offer himself regarding the confrontation allegedly witnessed by Inmate Smith.  Plaintiff has failed to make an offer of proof that this inmate witness would "substantially further the resolution of the case." *Wiggins*, 717 F.2d at 468 n.1.  Plaintiff's motion for the attendance of Inmate Smith is therefore denied.

### III. Testimony by Video

Defendant states that two witnesses have indicated a willingness to testify by video. (ECF No. 117, pp. 8–9.) Plaintiff did not file a response, but indicated during the pretrial conference that Inmate Moore should be required to testify in person. Plaintiff agreed to the request for Mr. Garcia to testify by video.

The Federal Rules of Civil Procedure permit testimony in open court from a different location "[f]or good cause in compelling circumstances and with appropriate safeguards…" Fed. R. Civ. P. 43(a). Good cause and compelling circumstances may exist where a significant geographic distance separates the witness from the location of the court proceedings. *See e.g.*, *Lyons v. Leonhardt*, 2013 WL 3807996, at *11 (D. Nev. July 19, 2013) (video conference testimony appropriate when witness was located more than 100 miles from the courthouse). "Good cause and compelling circumstances may be established with relative ease if all parties agree that testimony should be presented by transmission." Fed. R. Civ. P. 43(a) advisory committee notes (1996 Amendments). In addition, "[a]ppropriate safeguards exist where the opposing party's ability to conduct cross-examination is not impaired, the witness testifies under oath in open court, and the witness's credibility can be assessed adequately." *Warner v. Cate*, No. 1:12-cv-1146-LJO-MJS, 2015 WL 4645019, at *1 (E.D. Cal. Aug. 4, 2015).

#### A. Steven Garcia

Steven Garcia, who was in custody during the events at issue in this action, has since been released from prison and now lives in the Los Angeles area. Mr. Garcia is therefore not subject to a subpoena because he lives more than 100 miles away from the courthouse and attending trial would cause him to incur substantial expense. Fed. R. Civ. P. 45(c)(1)(B). Defendant contends that good cause exists for Mr. Garcia to testify by video because it will permit him to comply with a subpoena without having to incur a substantial expense of traveling to Fresno from the Los Angeles area. Appropriate safeguards will exist to allow Mr. Garcia to testify by video, as he will be providing live testimony, will testify under oath, and the jury will be able to gauge his demeanor during his testimony. As Plaintiff also seeks the testimony of this witness and the parties agreed during the pretrial conference to have Mr. Garcia testify by video, the Court grants

the request for Mr. Garcia to testify by video.

### B.      Inmate Steven Moore

Inmate Moore indicated that he is not willing to testify in person because he is concerned for his safety.  Defendant argues that good cause exists for Inmate Moore to testify by video because it will allay his fears for his safety, will lessen the need for a cell extraction necessary to get him to court, and will provide for a more efficient trial.  (ECF No. 117, p. 9.)  As discussed during the pretrial conference, although Inmate Moore did not specify his safety concerns, he communicated to defense counsel that he was unwilling to come to court to testify in this matter, but might be willing to testify by video.  While Plaintiff argued that Inmate Moore should be compelled to testify in person rather than by video, the Court is concerned that an order for Inmate Moore to testify in person would necessitate a cell extraction, creating a possibility of violence for correctional staff as well as Inmate Moore.  Under the circumstances, the Court finds that appropriate safeguards will exist to allow Inmate Moore to provide live testimony by video, as he will be testifying under oath, be subject to cross-examination, and the jury will be able to gauge Inmate Moore's demeanor during his video testimony.  In addition, as Plaintiff also seeks the testimony of this witness, allowing Inmate Moore to testify by video will balance the importance of his testimony with the safety concerns of the witness and the institution.  Accordingly, the Court grants the request for Inmate Moore to testify by video.

## IV.     Order

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for attendance of incarcerated witnesses, (ECF No. 111), is GRANTED IN PART and DENIED IN PART;
    a. Plaintiff's motion for attendance of Inmate Steven Moore, (CDCR #AK-2727, SATF), is GRANTED;
    b. Plaintiff's motion for attendance of Inmate Walter Slone, (CDCR #F-32882, SATF) is GRANTED;
    c. Plaintiff's motion for attendance of Inmate Johnathan Lee Smith, (CDCR #V-32367), is DENIED;

2. Defendant's motion for attendance of incarcerated witnesses, (ECF No. 113), is GRANTED;

3. Defendant's request for witnesses Inmate Steven Moore (CDCR #AK-2727, SATF) and Steven Garcia (9575 Reseda Blvd. #250, Northridge, CA 91324) to testify by video, in accordance with Federal Rule of Civil Procedure 43(a), (ECF No. 117), is GRANTED;

4. Defendant's counsel is ORDERED to contact Steven Garcia to confirm that Mr. Garcia has the necessary technology to accommodate a video appearance on **Thursday, October 17, 2024 at 9:30 a.m.**; and to perform a test video call with Mr. Garcia in advance of trial to ensure the witness's familiarity with the video technology;

5. Defendant's counsel is ORDERED to contact the Litigation Coordinator at the institution where Inmate Steven Moore is housed to confirm that the institution can accommodate a video appearance by Inmate Moore on **Thursday, October 17, 2024 at 9:00 a.m.**;

6. Defendant's counsel SHALL contact Courtroom Deputy Esther Valdez no later than **October 2, 2024** at evaldez@caed.uscourts.gov or (559) 499-5788 to coordinate setup of the video conference(s) for trial and then provide the necessary Zoom log-in information to all witnesses and institutions; and

7. The Court will issue the necessary writs of habeas corpus ad testificandum for the incarcerated witnesses testifying in person, prior to the trial in this matter.

IT IS SO ORDERED.

Dated:   **August 13, 2024**            /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

6