# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN RAY BRUMMETT, JR., <br><br> Plaintiff, <br><br> v. <br><br> MARTINEZ, <br><br> Defendant. | Case No.  1:21-cv-00086-BAM (PC) <br><br> **PRETRIAL ORDER** <br><br> Motions in Limine Filing Deadline: **September 9, 2024** <br><br> Oppositions to Motions in Limine Filing Deadline: **September 20, 2024** <br><br> Motions in Limine Hearing: **September 30, 2024 at 9:00 a.m.** (via Zoom) <br><br> Jury Trial: **October 16, 2024**, at 8:30 a.m. in Courtroom 8 (BAM) (3 days) |

Plaintiff Melvin Ray Brummett, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  All parties have consented to Magistrate Judge jurisdiction.  (ECF No. 105.)  This action proceeds on Plaintiff's claims against Defendant Martinez ("Defendant") for retaliation in violation of the First Amendment and deliberate indifference to risk of harm in violation of the Eighth Amendment.

Plaintiff and Defendant timely submitted pretrial statements, and on August 13, 2024, the Court held a pretrial conference ("PTC").  Plaintiff, appearing *pro se*, and Christopher Holmes Findley, counsel for Defendant, attended the hearing by videoconference.  Having reviewed the parties' pretrial statements and the remainder of the file, and having considered the issues raised

at the pretrial conference, the Court issues the instant pretrial order.

## I.     Jurisdiction and Venue

The Court has subject matter jurisdiction over this federal civil rights action. 28 U.S.C. §§ 1331 and 1343. Venue is proper because the conduct allegedly occurred in this judicial district. 28 U.S.C. § 1391.

## II.     Trial

The parties demand a trial by jury. Fed. R. Civ. P. 38(b). The parties anticipate the trial will last approximately three (3) days.

## III.     Facts

### A.     Plaintiff's Undisputed Facts

Plaintiff contends the following facts are undisputed:

1. At all relevant times, Plaintiff was housed at the Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California.
2. At all relevant times, Defendant was employed as a Laundry Materials & Stores Supervisor I (M&SS-I) at SATF. Defendant worked in this role from October 19, 2019 to March 7, 2021. Defendant still works at SATF. Since March 8, 2021, he has worked as a Canteen M&SS-I.
3. In May of 2020, Plaintiff was an assigned inmate worker on F-Facility laundry.
4. Plaintiff admits that it is a condition of work at the F-Facility Laundry to not steal. Any stealing is ground for losing the job. Plaintiff admits that not following assignment tasks is also grounds for reassignment.
5. Inmate Steven Moore, CDCR #AK-2727, declares that on or about May 24, 2020, he and Inmate Walter Slone, CDCR #F-32882, were informed by Defendant that Plaintiff had told on Inmate Slone for stealing new clothes, and on or about May 26, 2020, Inmate Moore told Plaintiff prior to work what Defendant had done.
6. Plaintiff declares that on or about May 26, 2020, Inmate Moore informed him that Defendant had told both Inmates Moore and Slone that Plaintiff snitched on Inmate Slone for stealing.

7. Defendant denies telling Inmates Slone and Moore that Plaintiff gave him information about them stealing from the laundry.

8. On May 26, 2020, Defendant's log entry for the laundry facility sets forth that he caught Plaintiff trying to take a few towels. On May 28, 2020, Defendant's entry in the laundry log sets forth noticing that Plaintiff has been showing anger and has been stubborn towards tasks asked of him. Told Chavez about it.

9. Plaintiff claims Inmate Slone socked him on the side of the head on May 26, 2020. Plaintiff admits that he did not file a complaint, notify any correctional staff, or report the alleged incident to any correctional staff or inmates about any altercation with Inmate Slone because it would have verified Plaintiff was a snitch. Further, Plaintiff admits he did not seek treatment or medication, admits no one saw the alleged hit, and admits that no one saw any injury.

10. Plaintiff claims that on May 27, 2020, there was a conversation in the yard about the snitching, but it never became physical, and there was no injury only threats.

11. Plaintiff was reassigned to a different job assignment on June 11, 2020.

12. Plaintiff filed a 602 grievance on May 26, 2020 and admits he was able to fully pursue the grievance process.

**B.**     **Defendant's Undisputed Facts**

Defendant contends the following facts are undisputed:

1. Plaintiff is a convicted felon.
2. During the events at issue, Plaintiff was incarcerated at SATF.
3. During the events at issue, Defendant was employed at SATF as a member of the free staff, working as a supervisor in the laundry room.
4. The parties dispute whether another inmate hit Plaintiff, but both parties agree that Plaintiff never reported the attack, never sought medical attention, and never received any medical diagnosis related to the alleged attack.
5. On June 11, 2020, Plaintiff transferred from his position in the laundry to a clerk in the law library.

3

C. **Plaintiff's Disputed Factual Issues**

Plaintiff claims that any and all other issues in this case are in dispute, and therefore must be proven at trial to a jury.

D. **Defendant's Disputed Factual Issues**

Defendant contends that the following facts are disputed:

1. While acting as a supervisor in the laundry room, Defendant observed Plaintiff stealing towels. Defendant immediately ordered Plaintiff to put the towels back. Plaintiff was again caught stealing from the laundry by a correctional officer. At that point, Defendant gathered the laundry staff together and told them that stealing would not be tolerated. Defendant did not identify Plaintiff as the thief, but Defendant noted Plaintiff was stealing in the laundry log that he maintained in the office.

2. After being caught, Plaintiff became more and more belligerent toward Defendant. Plaintiff would challenge Defendant and threaten him. Defendant also noted this in his Log.

3. In the undisputed facts section of his Pretrial Statement, Plaintiff claims that "Inmate Steven Moore, CDCR # AK-2727, declares that on or about May 24, 2020, he and inmate Walter Slone, CDCR #F-32882, were informed by [Defendant] that Plaintiff had told on Inmate Slone for stealing clothes, and on or about May 26, 2020, inmate Moore told Plaintiff prior to work what Martinez had done." (ECF No. 111, pp. 3–4.) Plaintiff cites to the declaration under penalty of perjury that Plaintiff submitted in support of his Motion for Summary Judgment. (*Id.* at 4.) Steven Moore has since informed defense counsel that Defendant never made these statements, Moore never related such statements to Plaintiff, and Moore never signed a declaration.

4. In the undisputed facts section of his Pretrial Statement, Plaintiff claims that Inmate Slone "socked" him on the side of the head on May 26, 2024. (ECF No. 111, p. 4.) Inmate Slone denies arguing with or striking Plaintiff.

5. In the undisputed facts section of his Pretrial Statement, Plaintiff alleges that on May 27, 2020, there was a conversation on the yard about snitching that never became physical.

4

(ECF No. 111, p. 4.) Defendant disputes that this conversation took place, and maintain that Plaintiff's evidence of such statements by unidentified witnesses is based on inadmissible hearsay evidence.

### E. <u>Disputed Evidentiary Issues</u>[1]

#### 1. **Plaintiff's Disputed Evidentiary Issues**

Plaintiff contends that he has not been provided with any discovery at all in this case, and will therefore dispute any and all evidentiary issues that arise in this case. Some of the disputed issues can be resolved by motions in limine, or briefed in the trial brief.

#### 2. **Defendant's Disputed Evidentiary Issues**

Defendant reserves objections to specific testimony and exhibits until such time as Defendant has had the opportunity to hear such testimony and examine such exhibits. Defendant intends to brief the evidentiary issues raised below, as well as any other evidentiary issues that may arise, in motions in limine. Defendant anticipates the following evidentiary issues:

1. Whether any written statements by inmate witnesses are admissible. Defendant's counsel has discovered that at least one of the declarations Plaintiff submitted in support of his Motion for Summary Judgment was not signed by the inmate as represented by Plaintiff. (Declaration of Steven Moore, ECF No. 68, p. 17.) Declarations in general are inadmissible hearsay. Fed. R. Evid. 801, 802; *Allen v. Rivera*, No. 1:05-cv-00146-SAB (PC), 2013 WL 5670862, 2013 U.S. Dist. LEXIS 148375, at *9 (E.D. Cal. Oct. 15, 2013).
2. Whether evidence concerning any of Plaintiff's claims that have been dismissed is admissible for any purpose.
3. Whether Plaintiff should be able to offer any evidence regarding Defendant's involvement, if any, in other lawsuits, claims, inmate grievances, or incidents alleging misconduct.
4. Whether Plaintiff should be able to offer evidence that the State may pay the judgment or reimburse Defendant in the event a judgment is rendered against him.

---

[1] The parties may file motions in limine pursuant to the applicable deadlines and/or object to the introduction of evidence at trial.

5. Whether Plaintiff should be able to offer any evidence of punitive damages in the first phase of the trial.

6. Whether witnesses who are concerned for their safety or live outside of subpoena range may testify by video.

7. Whether the abstracts of judgment or other evidence of felony convictions for Plaintiff or any incarcerated witnesses are admissible for impeachment purposes.

**F.     Special Factual Information**

Not applicable.

## IV.    Relief Sought

Plaintiff seeks compensatory, punitive, or nominal damages.  (ECF No. 45, p. 13.)

Defendant seeks a judgment in his favor with Plaintiff taking nothing, as well as an award of costs, and such other relief as the Court deems proper.  (ECF No. 47.)

## V.     Points of Law

**A.     Imposition of Liability Under Section 1983**

Under § 1983, Plaintiff is required to prove that Defendant (1) acted under color of state law and (2) deprived him of rights secured by the First and Eighth Amendments of the United States Constitution.  *Long v. Cty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006).  Plaintiff must prove that Defendant personally participated in the deprivation of his rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Under Section 1983, there must be an actual connection or link between the actions of the Defendant and the deprivation alleged to have been suffered by the Plaintiff.  *See Monell v. Dep't of Soc. Servs.*, 426 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  Plaintiff must demonstrate that the Defendant was the "moving force" behind the constitutional deprivation.  *Monell*, 436 U.S. at 694.

**B.     Eighth Amendment – Deliberate Indifference to Risk of Harm**

The Ninth Circuit has held that allegations that prison officials called a prisoner a "snitch" in the presence of other inmates were sufficient to state a claim of deliberate indifference to an inmate's safety.  *See Valandingham v. Bojorquez*, 866 F.2d 1135, 1139 (9th Cir. 1989) (after

1    prison officers labeled prisoner a snitch, he was threatened with harm by fellow prisoners).  In
2    order to demonstrate that a defendant was aware that his actions exposed the inmate to a
3    substantial risk of serious harm, a plaintiff must allege facts demonstrating that he was either
4    physically harmed or was threatened with physical harm because of the "snitch" label.  *See*
5    *Morgan v. MacDonald*, 41 F.3d 1291, 1294 (9th Cir. 1994); *Green v. Chamberlain*, 2019 WL
6    3302346, at *7 (E.D. Cal. Jul. 22, 2019).

### C.   First Amendment – Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567– 68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Adverse action taken against a prisoner "need not be an independent constitutional violation.  The mere threat of harm can be an adverse action." *Watison*, 668 F.3d at 1114 (internal citations omitted).  A causal connection between the adverse action and the protected conduct can be alleged by an allegation of a chronology of events from which retaliation can be inferred.  *Id.*  The filing of grievances and the pursuit of civil rights litigation against prison officials are both protected activities.  *Rhodes*, 408 F.3d at 567–68.  The plaintiff must allege either a chilling effect on future First Amendment activities, or that he suffered some other harm that is "more than minimal." *Watison*, 668 F.3d at 1114.  A plaintiff successfully pleads that the action did not reasonably advance a legitimate correctional goal by alleging, in addition to a retaliatory motive, that the defendant's actions were "arbitrary and capricious" or that they were "unnecessary to the maintenance of order in the institution." *Id.*

### D.   Physical Injury Requirement for Emotional Distress Damages

The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional

injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than de minimis." *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002). The physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive damages. *Id.* at 630; *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998) (prior physical injury requirement does not apply to violation of a prisoner's First Amendment rights, regardless of the form of relief sought).

### E. Punitive Damages

Plaintiff has the burden of proving what, if any, punitive damages should be awarded by a preponderance of the evidence. NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS § 5.5 (2017). The jury must find that Defendant's conduct was "motivated by evil motive or intent, or . . . involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1986). Acts or omissions which are malicious, wanton, or oppressive support an award of punitive damages. *Dang v. Cross*, 422 F.3d 800, 807–08 (9th Cir. 2005).

### F. Federal Rules of Evidence

Federal Rule of Evidence 609 provides that evidence of a witness's prior felony conviction may be used to impeach that witness's testimony. Fed. R. Evid. 609.

Federal Rule of Evidence 608(b) provides that a court may allow, on cross-examination, inquiry into specific instances of a witness's conduct if they are probative of the character for truthfulness or untruthfulness of the witness. Fed. R. Evid. 608(b).

Federal Rule of Evidence 404(b) provides that evidence of prior crimes, wrongs, or acts cannot be used to prove the character of the person in order to show conduct in conformity with that character trait. Fed. R. Evid. 404(b). Such prior acts may be admissible for other purposes only, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.*

### G. Vouching

In criminal trials, the prosecutor is barred from vouching for an officer's credibility. In civil trials, an attorney may not vouch for their clients' credibility using evidence outside the

record. But there is no bar in civil trials of using evidence in the record to argue credibility. "During closing argument in a civil case, counsel is permitted to make inferences and advance plausible argument[s] in light of the record. By contrast, inferences unsupported by the evidence are improper." *Draper v. Rosario*, 836 F.3d 1072, 1083–84 (9th Cir. 2016) (internal citations omitted).

## VI. Abandoned Issues

The parties have not abandoned any issues or asserted any affirmative defenses.

## VII. Witnesses

**The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).**

### A. Plaintiff's Witness List[2]

1. Plaintiff Melvin Ray Brummett, Jr.
2. Defendant Anthony Martinez, SATF
3. Steven Moore, CDCR #AK-2727 (by video)
4. Walter Slone, CDCR #F-32882
5. Steven Garcia, former inmate (by video)
6. Leonard Chavez, Acting Supervisor[3]

### B. Defendant's Witness List[4]

1. Defendant Anthony Martinez, SATF
2. L. Chavez, Acting M&SSII, SATF

---

[2] Plaintiff is not required to call all of the witnesses listed. Although Plaintiff did not name himself as a witness in his pretrial statement, he may call himself as a witness in his case-in-chief.

[3] Plaintiff was previously directed to submit a money order including witness fees in the amount of $115.04, made out to Leonard Chavez, on or before July 19, 2024. (ECF No. 112.) A money order has not yet been received.

[4] Defendant is not required to call all of the witnesses listed. However, as is the Court's general practice in cases such as this, witnesses the defense plans to call (with the exception of the witnesses who will testify by video) shall be present on October 16, 2024, by 9:30 a.m. and shall be available for Plaintiff to call for direct examination.

3. L. Leasure, SSA Plant Operations, SATF
4. S. Alva, Correctional Lieutenant, SATF
5. C. Leon, Office Technician in charge of inmate assignments, SATF (now at Avenal State Prison)
6. L. Lima, Librarian, SATF
7. D. Smith, Correctional Lieutenant, SATF
8. J. Barba, Custodian of Records, SATF
9. Steven Moore, CDCR #AK-2727 (by video)
10. Walter Slone, CDCR #F-32882
11. Steven Garcia, former inmate (by video)

## VIII. Exhibits

**The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).**

### A. Plaintiff's Exhibits[5]

1. Plaintiff's Inmate Grievance Log No. 7210
2. Plaintiff's Staff Complaint and Addendum to the Staff Complaint Log No. SATF-20-03340
3. Memorandum dated June 18, 2020, regarding Staff Complaint Log No. SATF-20-03340
4. Declaration of Johnathan Lee Smith, CDCR #V-32367
5. Declaration of Steven Moore, CDCR #AK-2727
6. Initial Suitability Hearing Post-Conviction Report
7. Second Amended Complaint, Case No. 1:21-cv-00086-BAM (PC)
8. Declaration of Defendant, Motion for Summary Judgment

---

[5] Defendant's objections to Plaintiff's exhibits, (ECF No. 117, pp. 12–13), are not addressed herein, and are more appropriately raised in motions in limine and/or at trial, as necessary and applicable.

9. Declaration of Jason Barba, Motion for Summary Judgment

10. Plaintiff's Deposition Testimony

11. Court's Findings and Recommendations Regarding Defendant's Motion for Summary Judgment

**B.     Defendant's Exhibits**

1. Plaintiff's Abstract of Judgment, dated March 18, 2004, as amended August 6, 2021

2. 602 Prison Grievance dated May 26, 2020

3. Supplement to Prison Grievance, dated June 1, 2020

4. Appeal of Second Level Response, dated August 1, 2020

5. Complaint, ECF No. 1

6. First Amended Complaint, ECF No. 17

7. Second Amended Complaint, ECF No. 45

8. Laundry Room Log Book

9. Employee Record of Attendance, May 2020

10. Inmate Assignment dated June 11, 2020

**IX.     Discovery Documents to be Used at Trial**

Plaintiff intends to use his entire record of his deposition, and contends that he should not be limited regarding its usage.

Defendant does not anticipate offering any deposition transcripts or responses to discovery at the time of trial.  However, Defendant reserves the right to introduce Plaintiff's deposition transcript, which will be lodged with the Court before trial, for purposes of impeachment or rebuttal.

The parties are warned that the Court generally does not allow the admission into evidence of discovery documents, including responses or transcripts, in their entirety.

**X.     Further Discovery or Motions**

The discovery cut-off has passed, and the Court denied Plaintiff's motion to re-open discovery. (ECF No. 110.) On June 26, 2024, Plaintiff filed a petition for writ of mandamus to the Ninth Circuit Court of Appeals, Case No. 24-3944, regarding the Court's denial of his motion

to re-open discovery before trial and other decisions that he argued amounted to bias against him as a *pro se* prisoner litigant. (ECF Nos. 114, 115.) The petition was denied on July 22, 2024. (ECF No. 118.)

Defendant does not anticipate any further discovery. Defendant anticipates filing motions in limine. If appropriate, Defendant will also move for dismissal under Federal Rule of Civil Procedure 50 at the close of the evidence.

## XI.     Stipulations

The parties stipulate that Defendant was acting under color of law at all times relevant to this action. The Court accepts this stipulation.

Aside from the above, Plaintiff states that he will not make any stipulations for pretrial or trial purposes and will prove his case at jury trial based on the civil standard and burden of proof, which is a preponderance of the evidence.

Defendant is willing to stipulate to the undisputed facts listed in Section III.B.

## XII.    Amendments/Dismissals

None.

## XIII.   Settlement Negotiations

Defendant opted out of an early settlement conference in this case on December 31, 2021. (ECF No. 34.) The case did not settle during a global settlement conference, together with *Brummett v. Sherman*, Case No. 1:20-cv-00662-HBK (PC), on January 22, 2024 before Magistrate Judge Erica P. Grosjean.[6] (ECF No. 97.)

Plaintiff refuses to consider any settlement negotiations.

Defendant does not anticipate that further settlement negotiations or mediation would be helpful.

## XIV.    Agreed Statement

Plaintiff contends that an agreed statement of facts is not feasible.

Prior to trial, Defendant will provide Plaintiff a draft of an agreed statement of facts and

---

[6] Defendant states that the parties last participated in a settlement conference with Magistrate Judge Peterson on February 17, 2022. (ECF No. 117, p. 13.) This appears to be a clerical error.

attempt to work with Plaintiff to arrive at a joint statement of facts.

## XV. Separate Trial of Issues

Plaintiff does not see any reason for separate trials as most issues will be resolved by motion in limine.

Defendant requests a separate trial on punitive damages. In connection with this request, Defendant requests that no evidence concerning Defendant's financial status be admitted unless and until the finder of fact determines that punitive damages are warranted in this case.

As discussed on the record, the Court will allow Plaintiff to seek punitive damages at trial. The parties have agreed that no evidence concerning Defendant's financial status will be admitted unless and until the finder of fact determines that punitive damages are warranted in this case, and stipulated to bifurcation of trial. As is the Court's general practice, the punitive damages phase, if any, will be bifurcated.

## XVI. Impartial Experts – Limitation of Experts

Plaintiff intends to oppose any expert witness for Defendant through a motion in limine.

Defendant does not believe that the Court's appointment of an impartial expert is necessary or advisable, and does not intend to designate an expert witness.

## XVII. Attorney's Fees

Plaintiff is not entitled to attorney fees.

Defendant will request an award of costs after trial should he prevail.

## XVIII. Trial Exhibits

Plaintiff states that his trial exhibits are public records and therefore do not require special handling.

Defendant may have exhibits he will wish to present on the Court's ELMO projector and/or A/V equipment.

Special handling of prison records and photographs may be appropriate as to any confidential information where disclosure may compromise the safety and security of the institution, staff, or other inmates, or impinge on Plaintiff's medical privacy. Though the parties request that the Court retain exhibits, Defendant shall retain exhibits pending an appellate

1 decision, if necessary.

2 **XIX.   Trial Protective Order**

3 After trial, Plaintiff will request a protective order to have Defendant removed from
4 Facility A, where Plaintiff has been housed for more than three years.

5 In the event that Defendant is required to disclose information concerning his financial
6 status, he will request that the Court issue a protective order concerning this information, under
7 Local Rule 141.1(b)(2).  Defendant may also seek a protective order for confidential documents
8 should they be introduced into evidence.

9 **XX.   Miscellaneous**

10 **A.   Further Trial Preparation**

11 **1.   Motions in Limine**

12 **a.   Briefing Schedule**

13 Any party may file a motion in limine, which is a procedural mechanism to limit in
14 advance testimony or evidence in a particular area.  *United States v. Heller*, 551 F.3d 1108, 1111
15 (9th Cir. 2009) (quotation marks omitted).  In the case of a jury trial, the Court's ruling gives
16 Plaintiff and Defendant's counsel advance notice of the scope of certain evidence so that
17 admissibility is settled before attempted use of the evidence before the jury.  *Id.* at 1111–12
18 (quotation marks omitted).

19 Any motions in limine must be served and filed with the Court by **September 9, 2024**.
20 Any motion in limine must clearly identify the nature of the evidence that the moving party seeks
21 to prohibit the other side from offering at trial.

22 Any opposition to a motion in limine must be served on the other party, and filed with the
23 Court by **September 20, 2024**.  **No reply briefs shall be submitted by the parties.**

24 An order may be issued prior to trial resolving these motions.  Otherwise, a motion in
25 limine hearing will be held, via videoconference, on **September 30, 2024 at 9:00 a.m.** in
26 Courtroom 8 (BAM).

27 ///

28 **Whether or not a party files a motion in limine, that party may still make an**

**appropriate objection to the introduction of evidence during the trial.**

        **2.**       **Other**

                **a.**       **Trial Briefs**

The parties are relieved of their obligation under Local Rule 285 to file a trial brief. If the parties wish to submit a trial brief, they must do so on or before **October 4, 2024**.

                **b.**       **Verdict Form**

The Court will prepare the verdict form, which the parties will have the opportunity to review on the morning of trial. If the parties wish to submit a proposed verdict form, they must do so on or before **October 4, 2024**.

                **c.**       **Jury Instructions**

The Court will prepare the jury instructions, which the parties will have the opportunity to review on the morning of trial. **The parties shall also meet and confer, by telephone or other means, to agree upon jury instructions for use at trial.** Defendant shall file proposed jury instructions as provided in Local Rule 163 on or before **October 4, 2024**. Plaintiff is not required to file proposed jury instructions but if he wishes to do so, he must file them on or before **October 4, 2024**.

All jury instructions shall indicate the party submitting the instruction (e.g., Plaintiff or Defendant), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the text of the instruction, and the legal authority supporting the instruction. **Defendant shall also provide the Court with a copy of their proposed jury instructions in Word format via e-mail at: bamorders@caed.uscourts.gov.**

The parties shall use Ninth Circuit Model Civil Jury Instructions to the extent possible. Ninth Circuit Model Jury Instructions SHALL be used where the subject of the instruction is covered by a model instruction. Otherwise, BAJI or CACI instructions SHALL be used where the subject of the instruction is covered by BAJI or CACI. All instructions shall be short, concise, understandable, and neutral and accurate statements of the law. Argumentative or formula instructions will not be given and must not be submitted. Quotations from legal authorities without reference to the issues at hand are unacceptable.

        The parties shall, by italics or underlining, designate any modification of instructions from statutory or case authority, or any pattern or form instruction, such as the Ninth Circuit Model Jury Instructions, BAJI, CACI, or any other source of pattern instructions. The parties must specifically state the modification made to the original form instruction and the legal authority supporting the modification.

        The Court will not accept a mere list of numbers of form instructions from the Ninth Circuit Model Jury Instructions, CACI, BAJI, or other instruction forms. The proposed jury instructions must be in the form and sequence which the parties desire to be given to the jury.

        All blanks to form instructions must be completed. Irrelevant or unnecessary portions of form instructions must be omitted.

### d. **Proposed Voir Dire**

        Proposed voir dire questions, if any, shall be filed on or before **October 4, 2024**, pursuant to Local Rule 162.1.

### e. **Statement of the Case**

        The parties may serve and file a non-argumentative, brief statement of the case which is suitable for reading to the jury at the outset of jury selection on or before **October 4, 2024**. The Court will consider the parties' statements but will draft its own statement. The parties will be provided with the opportunity to review the Court's prepared statement on the morning of trial.

### f. **Trial Exhibits**

        The original and two (2) copies of all trial exhibits, along with exhibit lists, shall be submitted to **Courtroom Deputy Esther Valdez no later than September 24, 2024**. The parties shall also serve one (1) copy of all trial exhibits, along with their exhibit list, on each other no later than **August 27, 2024**. This includes any demonstrative evidence the parties intend to use. Plaintiff's exhibits shall be pre-marked with the prefix "PX" and numbered sequentially beginning with 100 (e.g., PX-100, PX-101, etc.). Defendant's exhibits shall be pre-marked with the prefix "DX" and numbered sequentially beginning with 200 (e.g., DX-200, DX-201, etc.). Exhibits which are multiple pages shall be marked with page numbers in addition to the prefix and exhibit number, on each page of the exhibit (e.g., PX-100, page 1 of 2, PX-100, page 2 of 2,

etc.). Defendant's exhibits shall also be separated by tabs.

**The parties are required to meet and confer, by telephone or other means, to agree upon and identify their joint exhibits, if any.** Joint exhibits shall be pre-marked with the prefix "JT" and numbered sequentially beginning with 1 (e.g., JT-1, JT-2, etc.), and Defendant's counsel shall submit the original and two (2) copies of the joint trial exhibits, with exhibit lists and separated by tabs, no later than **September 24, 2024**.

### XXI. Use of Electronic Equipment in Courtroom

Any party wishing to receive an overview or tutorial of the Court's electronic equipment must contact the Courtroom Deputy Esther Valdez at (559) 499-5788 or evaldez@caed.uscourts.gov at least three (3) weeks before the start of trial in order to schedule a tutorial session at a time convenient to the Court's Information Technology staff. The parties need to coordinate so everyone who is interested can attend the IT conference; the Court will hold only one conference per case. The parties and counsel shall confer and advise the Courtroom Deputy of the date and time that has been agreed upon. Counsel will not be provided any training on the day of or during the course of the trial.

The electronic equipment and resources available for this trial may differ from the equipment and resources available in other courtrooms and may even differ from the equipment and resources available in this courtroom at another time. It is the responsibility of the parties to familiarize themselves with the equipment and resources available for use in this trial prior to the commencement of trial. If any party is unfamiliar with the equipment and resources available for use in this trial, that party may be ordered to proceed without the aid of such equipment and resources and/or may be sanctioned for any fees, costs or expenses associated with any delay.

### XXII. Objections to Pretrial Order

Written objections to the pretrial order, if any, must be filed within **ten (10) days** of the date of service of this order. Such objections shall specify the requested modifications, corrections, additions, or deletions.

///

///

**XXIII. Compliance with Pretrial Order**

Strict compliance with this order and its requirements is mandatory. The Court will strictly enforce the requirements of this pretrial order, and counsel and parties are subject to sanctions for failure to fully comply with this order and its requirements. The Court will modify the pretrial order "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). The Court ADMONISHES the parties and counsel to obey the Federal Rules of Civil Procedure and the Court's Local Rules and orders. The failure to do so will subject the parties and/or counsel to sanctions as the Court deems appropriate.

IT IS SO ORDERED.

Dated:   **August 13, 2024**             /s/ *Barbara A. McAuliffe*         
                                         UNITED STATES MAGISTRATE JUDGE