**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN RAY BRUMMETT, JR., | Case No. 1:21-cv-00086-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT'S ATTORNEY OF RECORD |
| v. | |
| MARTINEZ, | (ECF No. 122) |
| Defendant. | |

Plaintiff Melvin Ray Brummett, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. All parties have consented to Magistrate Judge jurisdiction. (ECF No. 105.) This action proceeds on Plaintiff's claims against Defendant Martinez ("Defendant") for retaliation in violation of the First Amendment and deliberate indifference to risk of harm in violation of the Eighth Amendment. The case is set for a jury trial commencing October 16, 2024, before the undersigned.

**I.      Plaintiff's Motion for Sanctions**

Currently before the Court is Plaintiff's motion for sanctions against Defendant's attorney of record, Christopher H. Findley, pursuant to Federal Rules of Civil Procedure 11, 30, 41, and the inherent power of the Court, filed August 26, 2024. (ECF No. 122.) Defendant has not yet had an opportunity to file a response, but in light of the baseless nature of the claims, as discussed herein, the Court finds a response unnecessary. The motion is deemed submitted. Local Rule

1

230(l).

In his motion, Plaintiff asserts that Mr. Findley wrongfully initiated contact with inmate witnesses, as the deadline to depose witnesses was on September 3, 2022, and Mr. Findley did coerce, intimidate, harass, and wrongfully try to influence the inmate witnesses' testimony through the power of his government office.  (ECF No. 122.)  Plaintiff states that following the August 13, 2024 pretrial conference, he made contact with proposed witness Inmate Johnathon Lee Smith through his ex-wife, Audrey Vasquez.[1]  Plaintiff states that Inmate Smith, now housed at New Folsom State Prison (now California State Prison, Sacramento), informed Ms. Vasquez that Mr. Findley tried to coerce and intimidate him to change his testimony in his declaration.  When Mr. Findley was unable to do so, he then attempted to get Inmate Smith excluded as a witness.  Plaintiff asserts that Inmate Smith is a direct material and percipient witness to Plaintiff's life having been threatened.  The power that a government official wields is relevant to the objective inquiry of whether a reasonable person would perceive the official's communication as coercive.  Plaintiff argues that through his position as a State Attorney General, Mr. Findley was able to coerce and intimidate and thereby turn the inmate witnesses against Plaintiff, except for Inmate Smith, who Mr. Findley then moved to exclude as a witness.  Plaintiff contends that Mr. Findley is guilty of obstructing justice by intimidating, influencing, or harassing a witness before the witness testifies.  Plaintiff concedes that while witness tampering as defined by 18 U.S.C. § 1512(b) does not provide a private right of action, conduct falling within the statute may be sanctionable pursuant to the Court's inherent power.  (*Id.*)

Plaintiff further argues that Mr. Findley misinformed the Court as to Inmate Steven Moore being housed in a cell and alleging that he would have to be cell extracted, when Mr. Findley knew that Inmate Moore was housed in an 8-man dorm, not a cell.  Thus, Mr. Findley's allegations that Inmate Moore would have to be cell extracted and forced to testify was a blatant lie to the Court.  Mr. Findley also coerced and intimidated Inmate Moore and caused him to become fearful to testify as to his signed declaration under penalty of perjury.  Plaintiff states he

---

[1] Although not entirely clear from Plaintiff's filing, it appears Audrey Vasquez is the ex-wife of Inmate Smith, rather than Plaintiff.

is in the process of getting a declaration from Inmate Smith through Ms. Vasquez, but it will take several weeks to obtain the declaration. Plaintiff has asked Inmate Smith to cooperate with the Court should he be contacted. (*Id.*)

Plaintiff further argues that the time for Mr. Findley to conduct a deposition with inmate witnesses in this case ended September 3, 2022.[2] Mr. Findley not only initiated contact with the witnesses in this case, but he questioned them about the specifics of the case, which Plaintiff alleges is deposing a witness orally. Plaintiff argues that a party must give reasonable notice to the other parties before deposing a witness orally. Furthermore, Mr. Findley must have obtained leave of Court to depose a deponent confined in prison. Plaintiff cites to *Wharton v. Calderon*, 127 F.3d 1201, 1204 (9th Cir. 1997), a criminal case, in support of his argument that the only way Mr. Findley could have initiated contact with the inmate witnesses was if the Court issued an order granting Plaintiff an equal right and opportunity to interview the inmate witnesses. Plaintiff argues that *Calderon* should apply to civil cases also. (ECF No. 122.)

Plaintiff requests that the Court conduct an evidentiary hearing due to the seriousness of his allegations against Mr. Findley, and that Mr. Findley be sanctioned and not be allowed to question or cross-examine the inmate witnesses during trial. (*Id.*)

**II.     Discussion**

The Court does not find that an evidentiary hearing or sanctions are warranted based on the arguments presented.

There is no indication that defense counsel improperly conducted depositions of any inmate witnesses.[3] Mr. Findley is permitted to initiate contact and speak with prospective witnesses, including his own witnesses, whether incarcerated or unincarcerated, without providing advance notice to Plaintiff. The fact that Mr. Findley asked the inmate witnesses questions about the specifics of this case, without more, is not enough to convert a call or interview with a prospective witness into a deposition. Mr. Findley did not state, nor does

---

[2] Pursuant to the Court's April 5, 2022 order granting Defendant's motion to modify the discovery and scheduling order, the deadline for completion of all discovery was extended to November 2, 2022. (ECF No. 39.)

[3] In addition, had Mr. Findley decided to depose an inmate witness before the close of discovery, the Court's January 3, 2022 discovery and scheduling order provided the necessary authorization. (ECF No. 36, ¶ 3.)

Plaintiff allege, that any of the interviews with the inmate witnesses were conducted before an "officer authorized to administer oaths" or that any testimony was taken under oath, as required by Federal Rules of Civil Procedure 28 and 30 for the taking of depositions.

Further, Plaintiff has not identified any authority applicable to civil actions to support his argument that he should have equal right and opportunity to interview inmate witnesses. To the extent Plaintiff argues that he has not had the opportunity to communicate with the inmate witnesses, the Court notes that inmates may correspond with one another if they obtain written authorization from the appropriate prison officials. Cal. Code Regs., tit. 15 § 3139. Plaintiff does not allege that he attempted to obtain the appropriate authorization with respect to any of the prospective witnesses or was otherwise prevented from doing so. To the extent Plaintiff is requesting a Court order to allow him to bypass these regulations, the request is denied on the basis that the Court lacks jurisdiction over prison officials generally, *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009), and because the Court defers to prison officials' expert judgment in the adoption and execution of policies needed to maintain internal security in a prison, *Norwood v. Vance*, 591 F.3d 1062, 1066 (9th Cir. 2010).

The Court further does not find that Mr. Findley misrepresented any information to the Court regarding Inmate Moore's housing situation. Whether Inmate Moore is housed in an 8-man dorm or in a cell does not alter the Court's previous finding that Inmate Moore's safety concerns regarding providing in-person testimony would be appropriately alleviated by allowing him to testify by video, thereby eliminating the possibility of violence during a "cell extraction." (ECF No. 120.) The Court further notes that it was the Court that raised its concern regarding the possibility of a cell extraction for a recalcitrant incarcerated witness, and there is no record of Mr. Findley representing any specifics as to Inmate Moore's housing status during the pretrial conference.

Finally, Plaintiff's allegations as to any coercion, intimidation, or other forms of witness tampering by Mr. Findley appear to be based purely on speculation and hearsay. As to Inmate Moore, Plaintiff has no support, other than his own speculation, that Mr. Findley engaged in any improper interactions with Inmate Moore. Plaintiff's conclusions as to Inmate Smith are

apparently based on the hearsay statements of Audrey Vasquez, whose own account is based on hearsay of Inmate Smith. The bare speculation and hearsay accounts presented are not sufficient to warrant the evidentiary hearing and sanctions requested here.

The Court finds this motion baseless and without evidentiary support. **Future filings of this nature by Plaintiff may subject Plaintiff to sanctions pursuant to Federal Rule of Civil Procedure 11**, if they are similarly "frivolous, legally unreasonable, . . . without factual foundation, or . . . brought for an improper purpose." *Estate of Blue v. Cty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997). Plaintiff is not exempt from the limitations of Rule 11 simply because he is proceeding without counsel. *See* E.D. Cal. L.R. 183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.").

### III. Order

Based on the foregoing, Plaintiff's motion for sanctions against Defendant's attorney of record, (ECF No. 122), is HEREBY DENIED.

IT IS SO ORDERED.

Dated:  **August 27, 2024**                    /s/ *Barbara A. McAuliffe*
                                                 UNITED STATES MAGISTRATE JUDGE