# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN RAY BRUMMETT, JR., | No. 1:21-cv-00086-BAM (PC) |
| Plaintiff, | ORDER DENYING IN PART PLAINTIFF'S MOTION TO ALTER OR AMEND A JUDGMENT |
| v. | |
| MARTINEZ, | (ECF No. 125) |
| Defendant. | ORDER DIRECTING DEFENDANT TO FILE RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION REGARDING TESTIMONY OF INMATE JOHNATHON LEE SMITH |
| | **Opposition Deadline: September 16, 2024** |

Plaintiff Melvin Ray Brummett, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. All parties have consented to Magistrate Judge jurisdiction. (ECF No. 105.) This action is set for a jury trial commencing October 16, 2024, before the undersigned, on Plaintiff's claims against Defendant Martinez ("Defendant") for retaliation in violation of the First Amendment and deliberate indifference to risk of harm in violation of the Eighth Amendment.

On August 14, 2024, the Court issued an order regarding the parties' motions for attendance of incarcerated witnesses at trial. (ECF No. 120.) In relevant part, the Court granting Defendant's request for Inmate Steven Moore to testify by video, and denied Plaintiff's request

1

for attendance of Inmate Johnathon Lee Smith. (*Id.*) On August 26, 2024, Plaintiff filed a motion for sanctions against Defendant's attorney of record, alleging wrongful conduct by defense counsel in making contact with Inmates Moore and Smith prior to the August 13, 2024 pretrial conference. (ECF No. 122.) The motion was denied on August 27, 2024. (ECF No. 123.)

Currently before the Court is Plaintiff's motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e), filed August 30, 2024. (ECF No. 125.) Plaintiff requests that the Court alter or amends its judgment to exclude Inmate Smith as a witness and to permit Inmate Moore to testify by video. Plaintiff argues that he has newly discovered evidence of coercion and intimidation of the prospective witness by defense counsel, the Court committed clear error in excluding Inmate Smith as a witness, and Inmate Smith's testimony is admissible at trial. Plaintiff further contends that the Court's rulings have all been in favor of Defendant, and he is making these objections and filing the instant motion to preserve the issues for an appeal or a motion for disqualification. (*Id.*)

Defendant has not yet had an opportunity to file a response, but the Court finds a response unnecessary, except as discussed below. The motion is deemed submitted. Local Rule 230(l).

First, as no final judgment has been entered in this action, and Plaintiff's motion is directed only at the Court's August 14, 2024 order regarding the parties' motions for attendance of incarcerated witnesses, (ECF No. 120), a Rule 59(e) motion is premature. *See* Fed. R. Civ. P. 59. However, in light of the arguments presented, the Court will construe Plaintiff's motion as brought pursuant to Federal Rule of Civil Procedure 60(b), which governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Plaintiff's newly discovered "evidence" of alleged coercion and intimidation of prospective witnesses by defense counsel was considered and rejected in the Court's August 27, 2024 order denying Plaintiff's motion for sanctions. (ECF No. 123.) As in his prior motion, Plaintiff presents only speculation and hearsay, not evidence, to support these allegations against defense counsel. Neither of Plaintiff's motions are signed under penalty of perjury, and neither contains a declaration from any witness to the alleged coercion or intimidation. (*See* ECF Nos. 122, 125.) For the same reasons discussed in the Court's August 27, 2024 order, Plaintiff's unsupported "evidence" of coercion does not provide grounds for reconsideration of the Court's order to exclude Inmate Smith as a trial witness. (ECF No. 123.)

To the extent Plaintiff argues that he has an absolute right to force the physical attendance of Inmate Moore to testify at trial, based on speculative allegations that Inmate Moore was coerced or intimidated by defense counsel into changing his testimony, Plaintiff's motion is also denied. While Plaintiff is correct that he has the right to call Inmate Moore as a witness, despite Inmate Moore's apparent reluctance to testify, the Court found that permitting Inmate Moore to testify by video would balance the importance of his testimony with the safety concerns of the witness and the institution. (ECF No. 120, p. 5.) Plaintiff has presented no basis for reconsidering this ruling pursuant to Rule 60(b).

The Court declines to address Plaintiff's general disagreement with the Court's prior rulings or alleged bias by the Court because it has ruled in Defendant's favor.

With respect to Plaintiff's request for reconsideration of the Court's order excluding the testimony of Inmate Smith based on the contents of the anticipated testimony, the Court finds it appropriate for Defendant to file a response. To allow Plaintiff time to receive the response prior to the motions in limine hearing set for September 30, 2024, Defendant shall file an opposition or other response, limited to Plaintiff's argument regarding the testimony of Inmate Smith, (ECF No. 125, ¶¶ 4–6, 8–10), on or before **September 16, 2024**. <u>Plaintiff will be permitted the opportunity to respond to Defendant's filing on the record during the September 30, 2024 motions in limine hearing.</u> Plaintiff need not file a written reply brief, as it likely will not be received by Defendant or filed with the Court before the motions in limine hearing.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to alter or amend a judgment, (ECF No. 125), construed as a motion for reconsideration, is DENIED IN PART, as discussed above;

2. Defendant SHALL FILE a response, limited to Plaintiff's argument regarding the testimony of Inmate Johnathon Lee Smith, (ECF No. 125, ¶¶ 4–6, 8–10), on or before **September 16, 2024**; and

3. Plaintiff shall not file a written reply brief, and will be permitted to respond to Defendant's filing on the record during the September 30, 2024 motions in limine hearing.

IT IS SO ORDERED.

Dated:   **September 3, 2024**              /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE