# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN RAY BRUMMETT, JR., | Case No. 1:21-cv-00086-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY AND/OR RECUSE MAGISTRATE JUDGE |
| v. | |
| MARTINEZ, | (ECF No. 128) |
| Defendant. | |

**I.     Introduction**

Plaintiff Melvin Ray Brummett, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  All parties have consented to Magistrate Judge jurisdiction.  (ECF No. 105.)  This action proceeds on Plaintiff's claims against Defendant Martinez ("Defendant") for retaliation in violation of the First Amendment and deliberate indifference to risk of harm in violation of the Eighth Amendment.  The case is set for a jury trial commencing October 16, 2024, before the undersigned.

Currently before the Court is Plaintiff's motion to disqualify and/or recuse Magistrate Judge.  (ECF No. 128.)  Defendant has not yet had an opportunity to file a response, but the Court finds a response unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

///

///

**II.       Plaintiff's Motion to Disqualify and/or Recuse Magistrate Judge**

In his motion, Plaintiff requests an impartial review by a neutral and disinterested Judge. (ECF No. 128.)  Plaintiff argues that he has been forced to litigate against defense counsel as well as the Magistrate Judge on almost every motion he has submitted.  Plaintiff has several times complained to the Magistrate Judge and has pointed out her being biased, and even submitted a petition for writ of mandamus to the Ninth Circuit Court of Appeals, which was denied.  Nothing Plaintiff has done has had any effect on the Magistrate Judge.  Plaintiff requests that the Magistrate Judge's impartiality be reviewed from the perspective of a reasonable observer who has been informed of all of the surrounding facts and circumstances.  It is Plaintiff's belief that the Magistrate Judge has been intentionally sabotaging his case because of her favoritism of the State Attorney General's Office.  (*Id.*)

Plaintiff alleges that several separate times he has submitted a motion, and that motion was opposed by the Magistrate Judge against Plaintiff after deeming that Defendant's attorney did not have to submit an opposition to Plaintiff's motion, citing to Local Rule 230(l).  If the Magistrate Judge was being an impartial and disinterested decisionmaker, she would not be making any rulings until Defendant's attorney had submitted an opposition to the motion, and Plaintiff had submitted a reply.  Plaintiff argues that Local Rule 230(l) requires a motion, an opposition, and a reply in all prisoner cases.

Defendant's attorney has been allowed to dictate to the Magistrate Judge what they do and do not want in this entire case.  Defendant's attorney did not want Plaintiff to have any discovery, and even after Plaintiff submitted a timely request for production of documents and later submitted a timely motion to compel discovery, the Magistrate Judge denied Plaintiff's motion.  Plaintiff's motion for sanctions against Defendant's attorney and the prison's Litigation Coordinator for perjury was denied.  Defendant's motion requesting modification of the discovery and scheduling order was granted over Plaintiff's objections, but Plaintiff's requested modification of the discovery and scheduling order was promptly denied.

Plaintiff's motion for sanctions against Defendant's attorney for coercion and witness-tampering with respect to Plaintiff's proposed witness Inmate Johnathon Lee Smith was denied

after the Magistrate Judge relieved Defendant's attorney of having to respond to the serious allegations, and then the Magistrate Judge threatened to impose sanctions on Plaintiff. Defendant's attorney could not coerce and intimidate Inmate Smith to change his testimony, so the attorney has the Magistrate Judge wrongfully dismiss Inmate Smith as a witness over Plaintiff's objections.

Plaintiff then submitted a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), arguing against the Magistrate Judge's order to dismiss Inmate Smith as a witness and to allow Inmate Steven Moore to testify by video. This motion was granted in part.

The Magistrate Judge is significantly favoring Defendant's attorney over Plaintiff through her litigating for the Defendant against Plaintiff and for not allowing a motion, opposition, and a reply, as required by Local Rule 230(l). The Magistrate Judge's rulings are "ex parte" rulings.

### III. Legal Standards

A magistrate judge must disqualify themselves if their "impartiality might be reasonably questioned," 28 U.S.C. § 455(a), or if they have "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1). Pursuant to 28 U.S.C. § 144, "[w]henever a party to any proceeding in a district court makes a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein. . . ."

Under both statutes, the objective test for determining whether recusal is required is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (quotation marks and citation omitted); *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008).

### IV. Analysis

First, although Plaintiff requests that his motion be reviewed "by a neutral and disinterested Judge," (ECF No. 128, p. 1), motions to disqualify a judge pursuant to 28 U.S.C. § 455 must be decided by the judge whose impartiality is being questioned. *In re Bernard*, 31

F.3d 842, 843 (9th Cir. 1994) (citing *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980)). Similarly, the determination of whether an affidavit filed under 28 U.S.C. § 144 is "sufficient" is also made by the challenged judge. *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978); *Grimes v. United States*, 396 F.2d 331, 333 (9th Cir. 1968). Accordingly, the undersigned will address Plaintiff's motion.

All of Plaintiff's allegations of bias or prejudice arise out of the undersigned's rulings in this action. Plaintiff's disagreement with the Court's rulings in this action is not a legitimate ground for seeking recusal or disqualification. "[J]udicial rulings or information acquired by the court in its judicial capacity will rarely support recusal." *Johnson*, 610 F.3d at 1147 (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Furthermore, "[a]dverse findings do not equate to bias." *Johnson*, 610 F.3d at 1147. Recusal "is required 'only if the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding.'" *Pau v. Yosemite Park & Curry Co.*, 928 F.2d 880, 885 (9th Cir. 1991) (quoting *Toth v. TransWorld Airlines*, 862 F.2d 1381, 1388 (9th Cir. 1988)). There is no evidence, other than Plaintiff's beliefs and conclusory allegations, that the undersigned's orders were derived from any extrajudicial source beyond the papers and record in this matter. That Plaintiff disagrees with the Court's rulings is not a basis for recusal. Plaintiff's affidavit and allegations of bias are legally insufficient to establish a reasonable question as to the undersigned's impartiality or that a bias or prejudice exists.

**V.    Order**

Based on the foregoing, Plaintiff's motion to disqualify and/or recuse Magistrate Judge, (ECF No. 128), is HEREBY DENIED.

IT IS SO ORDERED.

Dated:    **September 19, 2024**          /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE

4