# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN RAY BRUMMETT, JR., <br><br>　　　　　Plaintiff, <br><br>　v. <br><br>MARTINEZ, <br><br>　　　　　Defendant. | Case No.  1:21-cv-00086-BAM (PC) <br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS IN LIMINE <br>(ECF No. 127) <br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS IN LIMINE <br>(ECF No. 129) <br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ORALLY ARGUE ISSUES DURING MOTION IN LIMINE HEARING <br>(ECF No. 130) |

Plaintiff Melvin Ray Brummett, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's claims against Defendant Martinez ("Defendant") for retaliation in violation of the First Amendment and deliberate indifference to risk of harm in violation of the Eighth Amendment.  All parties have consented to Magistrate Judge jurisdiction.  (ECF No. 105.)  This action is currently set for jury trial to begin on October 16, 2024.

On September 6, 2024, Defendant filed motions in limine.  (ECF No. 127.)  Plaintiff did not file an opposition.  On September 13, 2024, Plaintiff filed his own motions in limine, together

1  with a motion to orally argue issues during the motions in limine hearing.  (ECF Nos. 129, 130.)

2  Due to technical issues at Plaintiff's institution, motions in limine hearings were held by
3  video before the undersigned on September 30, October 2, and October 7, 2024.[1]  (ECF Nos. 139,
4  142.)  Plaintiff appeared by video on his own behalf of September 30 and October 7, 2024.
5  Attorney Christopher Findley appeared by video on behalf of Defendant on September 30,
6  October 2, and October 7, and attorney Nicholas Banegas appeared by video on behalf of
7  Defendant on September 30 and October 2.  Argument was heard from all parties on the motions
8  at the hearing.  The motions are deemed submitted.  Local Rule 230(l).

**I.     Motions in Limine**

**A.     Standard**

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial.  *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).  "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings."  *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997).  A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence.  *Brodit v. Cambra*, 350 F.3d 985, 1004–05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored and such issues are better dealt with during trial as the admissibility of evidence arises.  *See, e.g.*, *Brown v. Kavanaugh*, No. 1:08–CV–01764–LJO, 2013 WL 1124301, at *2 (E.D. Cal. Mar. 18, 2013) (citing *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975); *see also In re Homestore.com Inc.*, No. CV 01–11115 RSWL CWX, 2011 WL 291176, at *2 (C.D. Cal. Jan. 25, 2011) (holding that motions in limine should "rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial"); *see cf. Oracle Am. Inc. v. Google Inc.*, No. C 10–03561 WHA, 2012 WL

---

[1] Due to the continuing technical issues at Plaintiff's institution and Plaintiff's inability to appear by video during the October 2, 2024 hearing, the only issue discussed was the rescheduling of the hearing for October 7, 2024.

1189898, at *4 (N.D. Cal. Jan. 4, 2012) (concluding that "a broad categorical exclusion" was unwarranted). Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine, and it is necessary to defer ruling until during trial when the trial judge can better estimate the impact of the evidence on the jury. *Jonasson*, 115 F.3d at 440.

### B. Defendant's Motions in Limine

For the reasons discussed at the hearing, the Court rules on each of Defendant's motions in limine as indicated below:[2]

### I.A. Hearsay Testimony Offered by Plaintiff

Defendant's motion to exclude Plaintiff from testifying to inadmissible hearsay is GRANTED IN PART and DENIED IN PART.

As discussed on the record, Plaintiff is precluded from testifying as to statements made to him by Inmate Steven Moore and L. Chavez, as hearsay. Both individuals are designated as witnesses and may testify as to their own statements. To the extent Inmate Moore or Mr. Chavez will testify as to statements made to them by Defendant, that testimony is admissible if offered against Defendant, pursuant to Federal Rule of Evidence 801(d)(2). Inmate Johnathon Smith will be permitted to testify, from his recollection of events, consistent with the declaration previously submitted in support of Plaintiff's opposition to Defendant's motion for summary judgment, with the exception of the second sentence of the third paragraph, and as discussed more thoroughly at the hearing on the motions. (ECF No. 68, p. 34.) The Court will caution Inmate Smith regarding the scope of testimony that will be permitted, and Defendant may submit a limiting jury instruction regarding Inmate Smith's testimony.

### I.B. Hearsay Declarations and Exhibits Offered by Plaintiff

Defendant's motion to exclude Plaintiff from offering certain declarations, his own deposition testimony, or other exhibits as inadmissible hearsay is GRANTED. While certain documents have been marked for identification, they will be limited to use for impeachment or to refresh the recollection of witnesses only.

---

[2] The Court follows the numbering used in Defendant's motions in limine. (ECF No. 127.)

### II. Improper Character Evidence

Defendant's motion to exclude unrelated grievances, staff complaints, and civil lawsuits by Plaintiff or other inmates as improper character evidence is unopposed and is GRANTED.

### III. Exclusion of Evidence that State May Pay Any Judgment

Defendant's motion to exclude evidence that the State or CDCR may pay any judgment against Defendant is unopposed and is GRANTED.

### C. Plaintiff's Motions in Limine

For the reasons discussed at the hearing, the Court rules on each of Plaintiff's motions in limine as indicated below:[3]

### (B). Exclusion or Limitation of Plaintiff's Criminal Conviction

Plaintiff's motion to exclude or limit the use of his criminal conviction for impeachment purposes or at trial is GRANTED IN PART and DENIED IN PART.

Defendant may elicit testimony that Plaintiff is serving a sentence for felony conviction(s), date of conviction(s), and the length of his sentence, but is precluded from eliciting facts about the names or nature of his felony conviction(s) unless Plaintiff puts the nature of his crimes at issue.

### (C). Exclusion of Plaintiff's Prison Disciplinary History

Plaintiff's motion to exclude or limit the use of his criminal conviction for impeachment purposes or at trial is unopposed and is GRANTED.  However, Defendant may elicit testimony regarding Plaintiff's prison disciplinary history if Plaintiff puts his disciplinary record, or lack thereof, at issue.

### (D). Exclusion of Shackles, Restraints, and Use of Prison Clothing

Plaintiff's motion to exclude shackles, restraints, and the use of prison clothing at trial is GRANTED IN PART and DENIED IN PART.

Plaintiff will be shackled at the waist and ankles, but his hands will remain unrestrained and the jury will be unable to view the restraints placed on Plaintiff or any incarcerated witness

---

[3] The Court follows the numbering used in Plaintiff's motions in limine.  (ECF No. 129.)  There is no motion in limine at section (A), which provides legal standards for ruling on motions in limine.

during trial. Plaintiff is permitted to bring his "state prison blues" to wear during court proceedings, subject to prior search and approval by the United States Marshals Service. Nothing in the Court's order alters CDCR policy regarding clothing worn by prisoners during transport.

### (E).   Testimony of Inmate Johnathon Smith

Plaintiff's motion to permit the testimony of Inmate Smith is GRANTED IN PART, subject to the limitations described above.

### (F).   In-Person Testimony of Inmate Steven Moore

Plaintiff's motion to require Inmate Moore to testify in-person is DENIED, for the reasons discussed during the motions in limine hearing and in the Court's August 14, 2024 order on the parties' motions for attendance of incarcerated witnesses. (ECF No. 120.)

### (G).   Testimony Regarding Alleged Coercion or Witness Intimidation

Plaintiff's motion to permit the questioning of all inmate witnesses regarding alleged coercion or witness intimidation by defense counsel is GRANTED IN PART and DENIED IN PART. The Court will permit a limited inquiry, by the Court and outside the presence of the jury, of Inmate Smith only, pursuant to Federal Rules of Evidence 103 and 104.

## II.   Plaintiff's Motion to Orally Argue Issues During Motion in Limine Hearing

Plaintiff's motion is GRANTED to the extent he was permitted the opportunity to present argument during the motions in limine hearing as to all issues raised in this motion.

As discussed during the hearing, Plaintiff's motion regarding the admissibility of certain of Defendant's documents is DENIED, as the specified exhibits are marked for the purpose of identification for possible use as impeachment but are not anticipated to be entered into evidence. Plaintiff's motion regarding the relevance and lack of proffers for certain of Defendant's witnesses is DENIED, as proffers for the identified witnesses were not required and the Court declines to exclude witnesses on the relevance grounds at this point. The Court's order does not preclude Plaintiff from objecting on any appropriate evidentiary grounds during the testimony of any witness who appears at trial.

## III.   Order

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motions in limine, (ECF No. 127), are GRANTED IN PART and DENIED IN PART;
2. Plaintiff's motions in limine, (ECF No. 129), are GRANTED IN PART and DENIED IN PART; and
3. Plaintiff's motion to orally argue issues during motion in limine hearing, (ECF No. 130), is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

Dated:   **October 7, 2024**         /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE