UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN RAY BRUMMETT, JR., | Case No. 1:21-cv-00086-BAM (PC) |
| Plaintiff, | Appeal No. 24-06736 |
| v. | ORDER DENYING PLAINTIFF'S MOTION REQUESTING A TRUE AND CORRECT WORD FOR WORD COPY OF THE JURY TRIAL TRANSCRIPT OR A TRUE AND CORRECT COPY OF THE ELECTRONIC SOUND RECORDING OF THE TWO DAY JURY TRIAL FROM OCTOBER 16TH AND 17TH |
| MARTINEZ, | |
| Defendant. | |
| | (ECF No. 187) |

Plaintiff Melvin Ray Brummett, Jr. ("Plaintiff"), a state prisoner, proceeded *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. All parties consented to Magistrate Judge jurisdiction. (ECF No. 105.)

**I.   Procedural Background**

This matter proceeded to a jury trial on October 16, 2024, on Plaintiff's claims against Defendant Martinez ("Defendant"). On October 17, 2024, the jury returned a verdict in favor of Defendant and against Plaintiff. (ECF Nos. 154, 165.) Judgment was entered accordingly. (ECF No. 166.) On November 1, 2024, Plaintiff filed a notice of appeal. (ECF No. 168.) The notice of appeal was processed to the Ninth Circuit Court of Appeals and assigned Case Number 24-6736. (ECF Nos. 169, 170.)

1

## II. Plaintiff's First Request for Transcripts

On May 9, 2025, Plaintiff filed a motion requesting that the Clerk of the Court provide "the records of his trial transcripts, pretrial hearing transcripts, and in limine hearing transcripts in order to prepare his Ninth Circuit Court of Appeals, Court Ordered Brief." (ECF No. 175.) On May 15, 2025, the Court granted Plaintiff's motion and because the requested proceedings were recorded using the Court's Electronic Court Recorder Operator ("ECRO") in audio format only, the Court directed the Clerk of the Court to order transcripts of the following proceedings, at no charge to Plaintiff:

1. August 13, 2024 Pretrial Conference (ECF No. 119)
2. September 30, 2024 Motions in Limine Hearing (ECF No. 138)
3. October 2, 2024 Motions in Limine Hearing (ECF No. 141)
4. October 7, 2024 Motions in Limine Hearing (ECF No. 148)
5. October 16, 2024 Jury Trial (Day 1 of 2) (ECF No. 153)
6. October 17, 2024 Jury Trial (Day 2 of 2) (ECF No. 154)

(ECF No. 179, p. 2.) The Court further found that the costs for preparation of the transcripts should be paid for at the expense of the government, pursuant to 28 U.S.C. § 753(f). (*Id.* at 3.) The Court found that:

> Plaintiff's November 1, 2024 notice of appeal contends that Plaintiff's appeal is based, in part, on the Court's specific discovery rulings made throughout the pretrial conference, motions in limine hearings, and trial. (*See, e.g.*, ECF No. 168, p. 4, 9–10.) As these proceedings were preserved in audio format only, a transcript is needed for Plaintiff to fully brief these issues on appeal.

(*Id.*) The Court certified that the appeal was not frivolous as to the issue of the Court's specific discovery rulings, but specifically noted that the Court stated no opinion regarding the other arguments raised in Plaintiff's notice of appeal. (*Id.* at 3, n.3.)

The requested transcripts were served on Plaintiff by mail on May 27, 2025 and June 13, 2025. (ECF Nos. 180–185.)

///

///

**III.     Plaintiff's Second Request for Transcripts or Audio Recording**

Currently before the Court is Plaintiff's "Motion Requesting a True and Correct Word for Word Copy of the Jury Trial Transcript or a True and Correct Copy of the Electronic Sound Recording of the Two Day Jury Trial From October 16th and 17th," filed June 30, 2025. (ECF No. 187.) In his motion, Plaintiff argues that the transcript he received for the two-day jury trial was not a true and correct word for word transcription, and there were substantial statements which had been blatantly omitted or left out. Specifically, Plaintiff alleges that during closing arguments, Defendant's attorney of record made the following statements:

> Please, please what ever you do you cannot find for the plaintiff in this case, because if the defendant is convicted of either the eighth amendment or first amendment violation in this case after (20)-years of employment he will be fired and loose his job. Please, what ever you do, you cannot find for the plaintiff in this case.

(*Id.* at 2 (unedited text).) Plaintiff argues that the Court heard the same closing argument that Plaintiff heard and knows that these statements were stated during defense counsel's closing argument. Plaintiff further alleges that the undersigned stated "[w]e will have to see how this goes on appeal counsel." (*Id.*) Plaintiff argues that in providing Plaintiff with a copy of the trial transcripts at government expense, the Court certified that "[Plaintiff's] appeal presents a substantial issue, which the substantial issue the Court refered [sic] to is the 'vouching statements argued above.'" (*Id.*) Plaintiff is therefore requesting a true and correct copy of the Court's electronic sound recordings to be produced for his appeal, due to the fact that the electronic sound recording was not reproduced word for word. Plaintiff also requests that the Court review the audio of defense counsel's closing arguments contained on the electronic sound recordings. (*Id.*)

The Court has reviewed the audio recording of defense counsel's closing arguments as compared to the certified transcript produced for the second day of the jury trial held in this action on October 17, 2024. The transcript includes the following certification: "I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter." and includes the electronic signature of Transcriber Crystal Thomas, dated June 10, 2025. (ECF No. 185, p. 87.) The Court finds that the certified transcript is a true and

3

accurate transcription of defense counsel's closing arguments in that proceeding. Accordingly, Plaintiff's motion is denied as moot. Plaintiff has already been provided with a "true and correct word for word copy" of the statements at issue.

To the extent Plaintiff requests a copy of the electronic recording of the proceedings, on the basis that the Court previously found that the "vouching statements" allegedly omitted from the transcripts were found to be a substantial issue in Plaintiff's appeal, the request is denied. Plaintiff's motion misconstrues the Court's May 15, 2025 order. As discussed above, the Court found that the portion of Plaintiff's appeal raising issues with "the Court's specific discovery rulings made throughout the pretrial conference, motions in limine hearings, and trial" was not frivolous, but stated no opinion regarding other arguments raised in Plaintiff's notice of appeal. (ECF No. 179, p. 3.) The Court made no finding regarding Plaintiff's argument as to "vouching statements" made by defense counsel, and declines to do so at this time. Accordingly, Plaintiff has presented no argument that would support the provision of the audio recordings in this matter for the purposes of preparing his appeal, particularly as Plaintiff has already been provided the certified transcripts for the same proceedings.[1]

## IV. Order

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion requesting a true and correct word for word copy of the jury trial transcript, (ECF No. 187), is DENIED, as moot; and
2. Plaintiff's motion requesting a true and correct copy of the electronic sound recording of the two day jury trial from October 16th and 17th, (ECF No. 187), is DENIED.

IT IS SO ORDERED.

Dated: **July 2, 2025**              /s/ Barbara A. McAuliffe
                                     UNITED STATES MAGISTRATE JUDGE

---

[1] The Court further notes, without deciding, that Plaintiff has identified no policy or format by which he could take possession of the requested audio recordings, or a means by which to play them, that would be in compliance with any applicable safety or security procedures set forth by the California Department of Corrections and Rehabilitation.